LOCAL 180 OF the INTERNATIONAL
UNION, UNITED AUTOMOBILE AIR-
CRAFT AND AGRICULTURAL WORK-
ERS OF AMERICA, AFL-CIO, Plain-
tiff-Appellant,

v.

J. I. CASE COMPANY, Defendant-
Appellee.

No. 13083.

United States Court of Appeals
Seventh Circuit.

Aug. 10, 1960.

Max Raskin, Philip L. Padden, Milwaukee, Wis., Harold Cranefield, Detroit, Mich., for appellant.

Robertson, Hoebreckx & Davis, Milwaukee, Wis., for appellee.

Before DUFFY, Circuit Judge.

DUFFY, Circuit Judge.

This is an emergency motion brought by plaintiff Union, asking this Court to issue a temporary injunction, during the pendency of the instant appeal, enjoining defendant J. I. Case Company from breaching Article IX of the collective bargaining agreement or imposing conditions other than those set forth in Article IX of said agreement to qualify employees of the defendant company for vacation benefits.

Plaintiff Union has for many years represented the production and maintenance employees of defendant's Racine County plants in collective bargaining. On May 5, 1958, the Union entered into a collective bargaining agreement with the defendant company which among other things contained in Article IX thereof, provisions governing the eligibility of employees for vacation. pay. On December 29, 1959, the Union gave

a sixty day notice to the Company that it proposed to modify the collective bargaining agreement, including provisions relating to vacation pay. Due to the fact that the sixty day notice had been given, the bargaining agreement, pursuant to its terms, expired on February 29, 1960. The Union called a strike against the Company effective March 9, 1960 which strike continues to this date. There have been negotiations between the parties on the demands presented by the Union, including the demand for "improved vacations."

On July 11, 1960, the defendant Company sent letters to the Union and to its employees stating that the employees would be required to return to work by July 25, 1960, in order to qualify for 1960 vacation pay. On July 15, 1960, the Union filed its complaint in the United States District Court for the Eastern District of Wisconsin, alleging the company breached or threatened to breach its agreement as to vacation pay by imposing a new qualification and condition of eligibility in violation of rights earned by and vested in said employees under the bargaining agreement of May 5, 1958. The Union asked the Court to declare the rights and obligations of the parties to the contract in respect to vacation pay; that the Court enter a temporary injunction enjoining the defendant Company from breaching or threatening to breach its obligation as to vacation pay. A permanent injunction was also demanded.

The Union claims the Company's promise to grant vacations to those employees only who returned to work by July 25, 1960, was part and parcel of its plan to produce a back-to-work movement and to discourage employees from remaining loyal to the strike. The Union alleges it will suffer irreparable injury in that it will lose prestige and its very entity may be affected.

The District Court was of the tentative view that section 301(a) of the Labor Management Relations Act of 1947, as amended, Title 29 U.S.C.A. §

185(a), upon which the Union relies, does not confer jurisdiction for this suit. In view of the decision of this Court in Local Lodge 2040, International Association of Machinists, AFL–CIO v. Servel, Inc., 7 Cir., 1959, 268 F.2d 692, there is at least some basis or room for argument for that view. However, the District Court reserved its ruling on that point and assumed that jurisdiction did exist. I shall make a similar assumption.

There is a dispute between the Union and the Company as to the proper interpretation of the collective bargaining agreement relating to vacation pay. As the trial court pointed out, it could not determine that question on the brief record then before the court. It was the view of the District Judge that assuming the Company had breached its promise to its employees, they have an adequate remedy at law and the Union did not show it would suffer irreparable loss from the alleged breach. The District Court determined that the motion for a temporary injunction must be denied and entered an order accordingly.

The District Court further certified, pursuant to section 1292, Title 28 U.S.C.A., that the order denying the motion for a temporary injunction involves a question of law to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the termination of this litigation. Under this certificate, this Court would permit the appeal in this case. However, I believe the Union is entitled to appeal irrespective of the provisions of 28 U.S.C.A. § 1292.

The emergency motion before me is, of course, in connection with the appeal which the Union has taken to this Court. That appeal is from the order of the District Court denying the Union's motion for a temporary injunction. When we reach the merits of that appeal, we must consider whether the District Court abused the wide discretion it always has in the granting or the denying of a motion for a temporary injunction.

In Westinghouse Electric Corp. v. Free Sewing Machine Co., 7 Cir., 256 F. 2d 806, 808, we pointed out that upon an appeal from the granting or denial of a preliminary injunction this Court has a very limited scope of review. See also such cases as Mytinger & Casselberry Inc. v. Numanna Laboratories Corp., 7 Cir., 215 F.2d 382, 384; Doeskin Products, Inc. v. United Paper Co., 7 Cir., 195 F.2d 356, 358; Weiner v. National Tinsel Mfg. Co., 7 Cir., 123 F.2d 96, 97.

In Consentino v. United Brotherhood of Carpenters, etc., 7 Cir., 265 F.2d 327, at page 331, we said: "In equity suits a district judge has a wide discretion to issue or withhold a temporary injunction, and ordinarily an appellate court will not interfere."

The emergency motion asks that I, upon behalf of the Court, issue a temporary injunction which will continue in full force and effect until such time as a division or panel of this Court determines whether the District Court abused its discretion in denying the motion for the issuance of a similar if not identical injunction. This is not a situation where we endeavor to maintain the status quo.[1] In the instant case, if I were to authorize and order the issuance of a temporary injunction, it would in effect be reversing the action of the District Court.

As a basis for the issuance of a temporary injunction against the defendant Company, I would have to determine first, that the vacation provisions of the bargaining agreement continue in effect after the termination of that agreement; and second, that the Union's interpretation of Article IX is correct and the interpretation by the company is wrong. After a trial upon the merits, including the taking of evidence of the practical interpretation by the parties to the contract as to the vacation provisions, such

a result might obtain, but at this stage of the proceedings, I am unable to make any decision for the Court on that point.

A single Judge of this Court should not issue an order or render a decision which would in effect be deciding the question which will come before us when we consider a pending appeal on the merits. That question must be determined by a division or panel of this Court. Pertinent is our statement in Westinghouse Electric Corp. v. Free Sewing Machine Co., 256 F.2d 806, 808: "In fact, to have granted all the plaintiff asked would have decided this case upon the merits. Such is not the function of a preliminary injunction."

The emergency motion for a temporary injunction is

Denied.

---

1. We have defined the status quo as the last uncontested status which preceded the pending controversy. Westinghouse Electric Corp. v. Free Sewing Machine Co., 256 F.2d 806, 808.