284 F.2d 91
 Joseph CARROLL, Charles Peterson and Charles Turecamo, as
Treasurer, Orchestra Leaders of Greater New York,
Plaintiffs-Appellees,
v.
ASSOCIATED MUSICIANS OF GREATER NEW YORK and AL Manuti, as
President, Max L. Arons, as Secretary and Hi Jaffee, as
Treasurer of Local 802, Associated Musicians of Greater New
York, Defendants-Appellants.
 No. 34, Docket 26278.
 United States Court of Appeals Second Circuit.
 Argued Sept. 28, 1960.
Decided Nov. 17, 1960.
 
 Ashe & Rifkin, New York City (George Rifkin, New York City, on the brief), for defendants-appellants.
 Before LUMBARD, Chief Judge, and TUTTLE[1] and FRIENDLY, Circuit judges.
 TUTTLE, Circuit Judge.
 
 
 1
 Associated Musicians of Greater New York and its officers appeal from the grant of a temporary injunction forbidding them to put into effect a 'single engagement welfare plan' which concededly involved payments which would be violative of Section 302(a) of the Labor Management Relations Act as Amended, 29 U.S.C.A 186, assuming the correctness of the facts found by the trial court. The provisions of the Labor Management Relations Act here invoked are:
 
 
 2
 186 '(a) It shall be unlawful for any employer to pay or deliver, or to agree to pay or deliver, any money or other thing of value to any representative of any of his employees who are employed in an industry affecting commerce.
 
 
 3
 '(c) The provisions of this section shall not be applicable * * * (5) with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents (or of such employees, families, and dependents jointly with the employees of other employers making similar payments, and their families and dependents): Provided, That * * * (B) the detailed basis on which such payments are to be made is specified in a written agreement with the employer, and employees and employers are equally represented in the administration of such fund * * *.'
 
 
 4
 The plaintiffs are members of the defendant Union, Local 802, which has some 30,000 members. They are also members of a smaller Union, Orchestra Leaders of Greater New York, all of whose members are also in Local 802, but who have the further identifying characteristic of being band or orchestra leaders in addition to, or rather than, plain musicians or sidemen. The executive Board of Local 802 put into effect a plan to provide welfare benefits for its members engaged in the single engagement field. This activity involves the selection by a leader of individuals to play at single engagements. A band leader may use the same musicians or sidemen repeatedly or he may engage different musicians from time to time. The plan thus sought to be enforced by the defendants required that the leader charge the purchaser of the music, i.e., the father of the debutante or of the bride, or the college fraternity, etc., an amount above the regular charge for the band which would give him one dollar per musician per performance. This sum he would then be required to pay over to the officers of Local 802, as trustees.
 
 
 5
 The trial court held that the leaders were, on the proof before him, the employers of the sidemen; that the musicians were 'employed in an industry affecting commerce'; that the welfare fund was to be administered only by the defendant union officers; that, as an interlocutory finding, therefore, the plaintiffs, as leaders, could not legally pay this money over to the individual defendants as officials of the Union, which was the representative of the sidemen employed by the leaders.
 
 
 6
 Having in mind the very limited scope of review of Courts of Appeals in such an interlocutory order as a preliminary injunction, Joshua Meier Co. v. Albany Novelty Mfg. Co., 2 Cir., 236 F.2d 144; American Vasuals Corp. v. Holland, 2 Cir., 219 F.2d 223; Mansfield Hardwood Lumber Company v. Johnson, 5 Cir., 242 F.2d 45, we are constrained to affirm the order of the trial court.
 
 
 7
 The degree to which the sidemen employees of the leaders were 'employed in an industry affecting commerce' (the main point of appellants' attack on the order below), is an issue which can be more satisfactorily resolved on a full trial of the case. The degree of such effect found by the trial court here, while perhaps more restricted than justified on the proof, was nevertheless sufficient to support his grant of the preliminary injunction.
 
 
 8
 Substantially all other facts are without dispute. The judgment is affirmed.
 
 
 
 [1]
 Of the Fifth Circuit, sitting by designation