**Nedrick YOUNG et al., Appellants,**

v.

**MOTION PICTURE ASSOCIATION OF AMERICA, INC., et al., Appellees.**

**Nos. 16523, and 16624.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 12, 1961.

Decided Jan. 18, 1962.

Petition for Rehearing En Banc Denied En Banc Feb. 15, 1962.

See also 28 F.R.D. 2.

**120**

Mr. David I. Shapiro, Washington, D. C., with whom Mr. A. L. Wirin, Los Angeles, Cal., was on the brief, for appellants.

Mr. William P. Rogers, New York City, for appellees. Messrs. William R. Glendon, and George F. Bason, Jr., New York City, also entered appearances for appellees.

Before WASHINGTON, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

We have before us consolidated appeals from orders of the United States District Court for the District of Columbia denying appellants' motion for preliminary injunction. Appellants are seven screen writers, one writer-director, and four screen actors. Appellees are seven motion picture producing and distributing companies, four of said appellees' subsidiaries or affiliates, and two motion picture trade associations.

The action in the District Court was based on Sections 1, 2 and 7 of the Sherman Act,[1] and Sections 4, 12 and 16 of the Clayton Act.[2] Certain named defendants have, by their answers, raised jurisdictional defenses not as yet determined by the District Court, and were not made parties to the motion for preliminary injunction.

After a lengthy hearing including extended argument, the trial court, in accordance with Fed.R.Civ.P. 52(b), 28 U.S. C.A., made findings of fact. The pertinent findings follow:

"8. In this application for a preliminary injunction the plaintiffs allege that, pursuant to a conspiracy in violation of the antitrust laws, the defendants have maintained an industry-wide blacklist whereby the plaintiffs and other persons named as Communists or identified with Communism are precluded from employment in the motion picture industry.

"9. Each defendant has denied each of the substantive allegations of the complaint and has asserted that any action it may have taken concerning the employment of any plaintiff was individual, non-conspiratorial and reasonable.

"10. The record is clear that each producer and distributor defendant has been faced with identical or similar problems in regard to the employment of individuals identified as being Communists or having Communist connections, in that the employment of such individuals has led to protests by members of Congress and the public, picketing and threats of boycotts by various civic and patriotic groups, posing a threat to the economic wellbeing of each defendant. The record is insufficient to show that the defendants, in attempting to deal with these legitimate business problems have acted in concert or pursuant to a conspiracy or that they have maintained an industry-wide blacklist. Rather the record is consistent with the conclusion that each defendant acted indi-

---

1. 26 Stat. 209, 210 [15 U.S.C.A. §§ 1, 2 and 15 note).

2. 38 Stat. 731, 736, 737 (15 U.S.C.A. §§ 15, 22 and 26).

vidually, nonconspiratorially and in a reasonable manner.

"11. The many factual issues raised in this case by the parties are not susceptible of resolution at this preliminary stage and it is apparent to the Court that a trial must be had and all the facts fully explored at that time. It is sufficient to say now that the evidence in its present form does not establish that any of the defendants have acted in violation of the anti-trust laws or that the extraordinary relief sought is justified.

"12. The alleged conspiracy to blacklist is claimed to have originated in 1947. The plaintiffs allege that since various dates in the period 1947–1953 each has been generally unemployable in the motion picture industry as a result of the claimed conspiracy. This action was filed on December 30, 1960. The delay in filing this action negatives any finding of urgency necessary to justify the interlocutory relief sought.

"13. The record fails to establish that the injuries claimed by plaintiffs could not, if proven, be adequately compensated for by damages.

"14. The decree requested is inappropriate and impractical in that it would require the Court *pendente lite* to attempt to supervise the employment practices of a substantial portion of the motion picture industry, which would inject the Court into the personnel problems involved in the hiring and firing of individuals in the industry."

The court concluded:

"1. On the basis of the record before the Court, the plaintiffs have not established that the defendants have combined to violate the antitrust laws.

"2. The plaintiffs have an adequate remedy at law.

"3. The plaintiffs have failed to establish irreparable injury which would justify the relief requested.

"4. The plaintiffs are barred by their laches from equitable relief *pendente lite*.

"5. The plaintiffs have failed to show that there is a reasonable certainty that they will ultimately prevail.

"6. A preliminary injunction should be denied."

Accordingly, an order was entered denying appellants' motion for a preliminary injunction, and these appeals followed.

■■ Appellants recognize the general rule that a denial of a preliminary injunction will not be set aside on appeal unless the District Court's action constitutes clear error or abuse of discretion, and that ordinarily this court will not consider the merits of the case further than necessary to determine whether that discretion was abused. Cox v. Democratic Central Committee, 91 U.S.App. D.C. 416, 200 F.2d 356 (1952). They contend, however, that where the material facts are not or cannot be disputed a court "has no judicial discretion by denial of an injunction to continue a deprivation of basic human rights."

We, of course, recognize these general principles of law as to the duty of the appellate court on the granting or denial by the trial court of a motion for preliminary injunction.

Our review of the record before the District Court convinces us that the District Court's action does not in fact constitute a "clear error or abuse of discretion," and was adequately based on the record made.

This is not a case in which we deem it appropriate to attempt to determine, or to canvass in any way, the merits of the alleged cause of action. As was said in Benson Hotel Corp. v. Woods, 168 F.2d 694 (8th Cir. 1948), "nor would any determination of those questions [presented by motion for preliminary injunction] by this court on appeal be binding on the trial court nor upon either of the parties in considering and determining the merits of the controversy." See also Ross-

Whitney Corp. v. Smith Kline & French Lab., 207 F.2d 190, 199 (9th Cir. 1953). We do not intend our present decision to have any such binding effect.

Affirmed.