**UNITED STATES of America,**
**Plaintiff,**

v.

**Fred A. BROWN and Jennie B. Brown, doing business as Gem Dairy, Defendants.**

**Civ. A. No. 7549.**

United States District Court
D. Colorado.

May 9, 1963.

See also 211 F.Supp. 953.

Lawrence M. Henry, U. S. Atty., for the District of Colorado, Merle R. Knous, Asst. U. S. Atty., Denver, Colo., for plaintiff.

Creamer & Creamer, George Louis Creamer, Denver, Colo., for defendants.

DOYLE, District Judge.

The United States has filed a motion seeking a preliminary injunction compelling defendants to pay certain amounts which are alleged to be due and owing to the producer-settlement fund. These amounts were assessed by the Market Administrator pursuant to the Agricultural Marketing Act, 7 U.S.C. § 601 et seq. and Milk Order No. 137, as amended 7 CFR Part 1137, et seq.

The matter was before the Court previously on the plaintiff's motion for summary judgment and on that occasion the motion was denied provided the defendant took immediate steps to process its administrative appeal.

The Court is reluctant to grant the requested relief because there are two undecided questions: the first of these is whether the defendants are "handlers" subject to the Act; and secondly, whether the Market Administrator followed correct procedures in determining that the defendants were "handlers."

To grant the relief demanded by plaintiff now, subject to review by this Court at some later time, does not seem reasonable and, moreover, is not required by the statute.

 To be sure, the Government contends that it is sufficient for the Market Administrator to make an ex parte finding that the defendants are "handlers" and, therefore, subject to the Milk Order in order to support a money judgment under Section 8a(6), 7 U.S.C. § 608a(6). Such a mandatory requirement that all orders of the Market Administrator be specifically enforced mechanically and without any regard to defenses raised by the defendant is not apparent. The language of the act is: "The several district courts of the United States are *vested with jurisdiction to specifically enforce* * * *." This contains no language which can be interpreted as a congressional mandate withdrawing from this court the power to exercise its discretion in refusing injunctive relief which it deems unfair and improper.

See Jaffe: The Judicial Enforcement of Administrative Orders, 76 Harvard Law Review 869 (1963), wherein is found the following:

"* * * This implies, does it not, that when the time comes finally to exact the penalty, finally to impose force, this court's ever-present responsibility for doing justice is involved? A court should rarely be required—nor should it be thought that there is any intention to require it—to participate actively in the enforcement of a judgment which it finds offensive. * * *"

It is true that Section 8c(15) (B) states that the pendency of administrative proceedings should not impede the Secretary from obtaining relief, and thus the fact that such proceedings are now in process, in compliance with an order of this court, is no bar to the Secretary's present action. However, it is not the pendency of administrative proceedings which impedes this court from granting the relief sought, but doubt concerning the applicability of the regulatory scheme to the defendants, and the proper determination of this issue affects the Secretary's right to such relief.

The court has not refused the relief sought by the Government, but has merely postponed judgment upon the matter until such threshold questions can be judicially determined. Although the court finds that it is within its jurisdiction to determine the applicability of the Act to these defendants, it prefers to do so after the Department has had the opportunity to review the matter and, in so doing, to afford the defendants a "determination" of this issue which meets the requirements of due process.

Having decided that this is the sensible, expeditious procedure to follow, it is, therefore,

Ordered that the motion for a preliminary injunction be, and it is hereby denied.