**UNITED STATES of America,**
**Appellant,**

v.

**Fred A. BROWN and Jennie B. Brown,**
**doing business as Gem Dairy,**
**Appellees.**

**No. 7433.**

United States Court of Appeals
Tenth Circuit.

April 29, 1964.

Sherman L. Cohn, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., Lawrence M. Henry, U. S. Atty., Alan S. Rosenthal and Barbara W. Deutsch, Attys., Dept. of Justice, on the brief), for appellant.

George Louis Creamer, Denver, Colo. (Nathan H. Creamer, Denver, Colo., on the brief), for appellees.

Before BREITENSTEIN and HILL, Circuit Judges, and KERR, District Judge.

HILL, Circuit Judge.

This appeal by the United States is from an order of the court below denying its motion for a preliminary mandatory injunction compelling the appellee-defendants, as alleged "handlers" of milk, to make certain payments into a producer-settlement fund established pursuant to the Agricultural Marketing Agreement Act of 1937, as amended, 7 U.S.C.A. § 601 et seq. United States v. Brown, 217 F.Supp. 285 (D.Colo.1963).

The action was brought under the provisions of Section 8a(6) of the Act, 7 U.S.C.A. § 608a(6) to require the appellee to comply with milk order No. 137, as amended, 7 C.F.R. § 1137.1 et seq., (formerly designated as Milk Order No. 1, 7 C.F.R. Part 901), regulating the handling of milk in the Eastern Colorado Marketing Area. The order is directed toward sales of fluid milk in the marketing area and defines what is meant by the terms "handler", "producer" and "producer-handler". See 7 C.F.R. §§ 1137.9, 1137.10 and 1137.11, respectively. It also establishes a producer-settlement fund, 7 C.F.R. § 1137.83, to equalize the payments made to the farmers by the handlers and, unlike some orders relating to other marketing areas, provides that a producer-handler is exempt from certain of its provisions, including payments into the producer-settlement fund, 7 C.F.R. § 1137.60.

The complaint in this case alleges that the appellees do business in the Denver, Colorado area; that milk order No. 137 was issued pursuant to the provisions of the Act to regulate the handling of milk in the marketing area; that the Market Administrator, as the agency appointed by the Secretary of Agriculture to administer the provisions of the order, duly determined that, during the time in question, the appellees were "handlers" of milk as defined in the order and therefore they were subject to the provisions of the Act and the order; that the appellees had handled milk in violation of the Act and certain provisions of the order, 7 C.F.R. § 1137.84, by refusing and failing to pay to the Market Adminis-

trator, for and on behalf of the producer-settlement fund, the sums of money alleged to be due; and that the appellees were continuing to handle milk in violation of the Act and order and additional payments would become due each month. The complaint prayed for a mandatory injunction compelling the appellees to pay to the Market Administrator for and on behalf of the producer-settlement fund all sums alleged to be due from them and for a permanent injunction restraining them from further violations of the Act and the terms and provisions of the order.

The appellees filed an answer in which they denied that they were subject to the provisions of the Act or the order and specifically denied that the Market Administrator had made any such determination. It was affirmatively alleged that " * * * any determination, as a matter of due process, would have to be made pursuant to hearing, after notice, and that no such notice or hearing have ever been given or had; that these Defendants are not subject to the act, inasmuch as they are dealing with milk produced from herds in which they in each case own substantial interests, and are accordingly producers, who cannot be required as to their own milk to adhere to the requirements made of others dealing in milk produced by third persons * *."

With issues thus joined, appellant filed a motion for summary judgment and in support thereof submitted an affidavit, together with exhibits attached thereto, of the Market Administrator setting forth many of the facts alleged in the complaint and motion. The Browns executed and filed a traversing affidavit. The court issued an order holding the motion in abeyance for thirty days so as to give appellees an opportunity to commence administrative proceedings under Section 8c(15) (A) of the Act, 7 U.S.C.A. § 608c(15) (A). Appellees duly commenced administrative proceedings within the thirty-day period and such proceeding is now pending in the Department of Agriculture. The United States then filed a motion for preliminary injunction, which was denied, and this appeal followed.

■ The authority of an appellate court, upon review of an order granting or denying temporary or preliminary injunctive relief pending the trial and final determination of a case, is limited. Local 180 of International Union, etc. v. J. I. Case Co., 7 Cir., 281 F.2d 773; Minnesota Mining & Mfg. Co. v. Polychrome Corp., 7 Cir., 267 F.2d 772; W. A. Mack, Inc. v. General Motors Corporation, 7 Cir., 260 F.2d 886; Westinghouse Electric Corp. v. Free Sewing Machine Co., 7 Cir., 256 F.2d 806; Carroll v. Associated Musicians of Greater New York, 2 Cir., 284 F.2d 91; Joshua Meier Company v. Albany Novelty Mfg. Co., 2 Cir., 236 F.2d 144. Such a review covers only the exercise of proper judicial discretion by the lower court in granting or denying the temporary relief. Deckert v. Independence Shares Corp., 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189; Goldammer v. Fay, 10 Cir., 326 F.2d 268; Goodpaster v. Oklahoma Gas & Electric Company, 10 Cir., 291 F.2d 276; B. W. Photo Utilities v. Republic Molding Corporation, 9 Cir., 280 F.2d 806; Shearman v. Missouri Pacific Railroad Company, 8 Cir., 250 F. 2d 191; Solex Laboratories, Inc. v. Plastic Contact Lens Co., 7 Cir., 268 F.2d 637; American Federation of Musicians v. Stein, 6 Cir., 213 F.2d 679, cert. denied, 348 U.S. 873, 75 S.Ct. 108, 99 L.Ed. 687; Tatum v. Blackstock, 5 Cir., 319 F.2d 397; Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Div., 4 Cir., 315 F.2d 538; Schering Corporation v. Sun Ray Drug Co., 3 Cir., 320 F.2d 72; Safeway Stores, Inc. v. Safeway Properties, Inc., 2 Cir., 307 F.2d 495; Celebrity, Inc. v. Trina, Inc., 1 Cir., 264 F.2d 956; Young v. Motion Picture Association of America, Inc., 112 U.S.App.D.C. 35, 299 F.2d 119, cert. denied, 370 U.S. 922, 82 S.Ct. 1565, 8 L.Ed.2d 504; 28 Am.Jur., Injunction, § 332, pp. 845–848; 5A C.J.S., Appeal and Error, § 1591, pp. 60–67. The merits of the case may be considered only insofar as they bear upon the ques-

tion of proper judicial discretion. Shearman v. Missouri Pacific Railroad Company, supra; Holzer v. United States, 8 Cir., 244 F.2d 562; City of Des Moines, Iowa v. Continental Illinois Nat. Bank & Trust Co., 8 Cir., 205 F.2d 729; Flight Engineers' Inter. Ass'n, AFL-CIO v. American Airlines, Inc., 5 Cir., 303 F.2d 5; Young v. Motion Picture Association of America, Inc., supra.

■ The appellant urges that these rules are not applicable to this case and that Section 8a(6), in effect, is a mandate from the Congress compelling the courts to grant extraordinary equitable relief, in the form of a mandatory preliminary injunction, without the exercise of any judicial discretion. We do not adhere to this line of argument. To the contrary, we believe our inquiry here must go solely to the question of whether or not the court below abused its equitable discretion in refusing the preliminary relief.

■ It is true the inferior Federal courts are creatures of statute but, nevertheless, historically, they are possessed with the inherent equitable powers of common law courts. If they are ever stripped of judicial discretion in equitable proceedings they will be relegated to the standing of mere administrative enforcement agencies. By the enactment of the enforcement provisions of the statute under consideration, we do not think the Congress intended to deprive the judiciary of any of its equitable power of discretion. A careful reading of the statute convinces us that the court below was correct in its interpretation of that statute when it said: "This contains no language which can be interpreted as a congressional mandate withdrawing from this court the power to exercise its discretion in refusing injunctive relief which it deems unfair and improper. * * *" (217 F.Supp. at 286).

The appellant places great stress upon the case of United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290.

That case, unlike our case here, was reviewing an order granting a preliminary injunction. The order was upheld but the court expressly stated: " * * . * And so we are not called upon to decide what powers inhere in a court of equity, exercising due judicial discretion, even in a suit such as was here brought by the United States for the enforcement of an order under § 8a. * * *" (329 U.S. at 295, 67 S.Ct. at 211). We do not believe that the Supreme Court in the Ruzicka case meant to, or did, withdraw from the courts their traditional and long standing power to exercise judicial discretion in equitable proceedings.

■ We are cognizant of the conflicting rights involved in this case. On the one side, there is the policy of the Act which must be complied with and enforced in the public interest, and, on the other side, is the protection of individual rights. From the standpoint of equity we see factual circumstances in the case that justify the denial of the motion. The lapse of time between appellees' request for administrative relief and the entering of the court's order appealed from, without any administrative determination, may have been a compelling reason. Also, to compel the payment of substantial monthly assessments over a long period of time without appellees having their day in court certainly cannot be said to be equitable. Such a situation could work a severe financial hardship upon appellees. There are substantial questions of law and fact involved in the controversy and there is no showing, other than the bare allegations of the motion, of irreparable injury to appellant or the public. Nor is there any showing that appellee is or may become insolvent or that appellees' failure to pay the assessments will seriously effect the milk order.

We must conclude that the court below did not abuse its judicial discretion in refusing to issue the preliminary injunction.

Affirmed.