Charles CRAGGETT et al., Plaintiffs-Appellants,

v.

BOARD OF EDUCATION OF the CLEVELAND CITY SCHOOL DISTRICT, CUYAHOGA COUNTY, OHIO, et al., Defendants-Appellees.

No. 16042.

United States Court of Appeals
Sixth Circuit.

Nov. 18, 1964.

Argued by Robert L. Carter, New York City, on brief, and Russell T. Adrine, Jack G. Day, Clarence H. Holmes, Ralph Rudd, Melvin S. Schwarzwald and Louis Stokes, Cleveland, Ohio, and Lewis M. Steel, New York City, on brief, Ramon Basie, Rufus Breland, Jr., Joseph Finley, Albert R. Gamble, James A. Haynes, Robert L. Merritt, and Charles H. Taylor, Jr., Cleveland, Ohio, of counsel, for appellants.

Argued by Irwin L. Silbert and Richard F. Patton, Cleveland, Ohio, Bronis J. Klementowicz, Director of Law, Daniel J. O'Loughlin, Chief Counsel, George J. Dinda, Asst. Director of Law, Cleveland, Ohio, on the brief, for appellees.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

This is an appeal from a District Judge's denial of a preliminary injunction which would have required the Board of Education of the Cleveland City School District to discontinue work on the construction of three public schools in Cleveland. Contracts for construction of such schools had been made and substantial

work thereon done when this suit was commenced on May 22, 1964. We are advised that one of the schools is close to completion, or already completed and in use, and that the other two will be ready for occupancy shortly after the first of the coming year.

The suit at bar was begun by plaintiffs-appellants, negro children, whose complaint asserts that the building of the schools in question is motivated by a plan of the Cleveland School authorities to "resegregate" the plaintiffs into schools which will be predominantly negro. Some time prior to the events immediately involved, some Cleveland schools in negro neighborhoods were overcrowded and forced to have double sessions. Other Cleveland schools in predominantly white areas were not being used to capacity. To relieve this crowding in the negro schools, the Cleveland School Board began transporting negro students from their own neighborhood schools to the theretofore predominantly white schools. While this was continuing, the School Board began, and is now carrying out, a plan to build some new schools in the negro areas to relieve the overcrowding there. Plaintiffs aver that the negro children thus transported were kept apart from the white children, but the main thrust of the complaint is that the action of the Cleveland School Board in building new schools to relieve overcrowding in the negro areas and thus do away with the necessity of bussing negro children to white schools was taken for the unconstitutional purpose of "resegregating" the negro children.

This cause has not been heard on the merits, but the District Judge took extensive testimony in considering the plaintiffs' motion for a preliminary injunction. On July 2, 1964, he filed a Memorandum, adopted as his Findings of Fact and Conclusions of Law under Rule 52(a) of the Federal Rules of Civil Procedure. Therein he reviewed the evidence adduced and gave his appraisal thereof. This opinion is reported as Craggett v. Board of Education, 234 F. Supp. 381 (N.D.Ohio 1964), and will give a fuller understanding of the facts and issues involved. He concluded that from his consideration of the evidence in the case he had "an abiding conviction that the plaintiffs' allegation that defendants were guilty of an intent or design to enforce segregation in the Cleveland School System has no foundation in fact."

Our review of the briefs and appendices before us persuades us that such finding was not clearly erroneous. We accordingly will not disturb it, since Rule 52(a) of the Rules of Civil Procedure applies to findings of fact supporting the granting or refusing of an interlocutory injunction.

The only matter before us is whether the District Judge erred in denying the preliminary injunction. He did so on July 2, 1964. On August 1, 1964, plaintiffs moved here for an injunction pending their appeal from the District Judge's order. Opposition to such an injunction was expressed through briefs filed by the Cleveland Board of Education and by various contractors who were in the process of building and nearing the completion of the involved school buildings, under contracts totalling upwards of a million dollars. Quite plausible assertions that irreparable loss and damage would flow from an injunction suspending the work in progress were made by supporting affidavits not traversed by plaintiffs. We denied the motion for injunction pending appeal, but granted plaintiffs' motion to advance the hearing of their appeal to this, our October 1964 session.

It is familiar law that the granting or refusing of a preliminary injunction rests largely within the discretion of the District Judge. Industrial Electronics Corp. v. Cline, 330 F.2d 480, 483 (CA 3, 1964); Young v. Motion Picture Ass'n of America, 112 U.S.App. D.C. 35, 299 F.2d 119 (C.A.D.C. 1962), cert. denied, 370 U.S. 922, 82 S.Ct. 1565, 8 L.Ed.2d 504 (1962); Huard-Steinheiser, Inc. v. Henry, 280 F.2d 79, 83–84 (CA 6, 1960); 7 Moore, Federal Practice

¶ 65.04 [2] (2d ed. 1955). The District Judge adequately expressed his reasons for denying the preliminary injunction. We do not consider that he abused his discretion.

Order affirmed.