### UNITED STATES of America
### v.
### ABBOTTS DAIRIES, DIVISION OF FAIRMONT FOODS CO.
### Civ. A. No. 70–781.

United States District Court,
E. D. Pennsylvania.
July 23, 1970.

---

1. Page 5 of Plaintiff's brief.

Sullivan Cistone, Asst. U. S. Atty., for plaintiff.

Roland Morris, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

This is a suit instituted pursuant to § 8a(6) of the Agricultural Marketing Agreement Act of 1937, as amended (7 U.S.C. § 608a(6)) for enforcement of Milk Marketing Order No. 4 (7 C.F.R. Part 1004) issued by the Secretary of Agriculture regulating the handling of milk in the Delaware Valley marketing area.

### Facts and Background.

Production of milk is subject to seasonal fluctuations. Fluid milk must be consumed relatively quickly after it is produced. If it cannot be sold as fluid milk, it must be disposed of in manufacturing outlets such as for butter and cheese. Fluid milk commands a higher price than milk used in manufacturing. Production must be maintained at a sufficiently high level to supply the needs of the fluid milk market even in periods of low production, consequently in periods of high production there is a substantial surplus. To avoid ruinous competition among farmers searching for the more profitable fluid milk markets, the legislation here involved (7 U.S.C. § 601 et seq.) was enacted.

The Act permits the Secretary of Agriculture, after notice and hearing, to issue orders regulating the marketing of milk in given areas. The regulatory scheme provides a method of pooling so that all producers (farmers) are paid a minimum uniform or blend price by handlers (milk processors) for the milk delivered by them regardless of the actual use of the milk by a handler. The handlers are required to account to the Secretary of Agriculture's designee (the Market Administrator) for the actual use made of the milk. The blend prices paid by handlers to producers, in most instances, do not equal the use value of the milk. Under the Act necessary adjustments are made through a producer-settlement fund administered by the Market Administrator. Handlers whose use value exceeds the blend price make payments into the fund, while handlers whose use value is less than the blend price receive payments from the fund. Balances in the fund are ultimately distributed to producers. There is a provision for payment by handlers, on a pro-rata basis, of the expense of administering the fund.

For a number of years in the Philadelphia area, covered by Order No. 4, prices paid by handlers to producers were generally adjusted in movements approximating 20 cents per hundredweight. Effective September 1, 1969, the Department of Agriculture abolished bracketed pricing in Order No. 4 and substituted a system of regulation which moved prices penny by penny each month. Pursuant to request of the industry in the Philadelphia area, a hearing was held by the Department on October 30, 1969 following which the Department declined to change its decision. A petition was thereafter filed with the Department pursuant to § 8c(15) (A) of the Act (7 U.S.C. § 608c(15) (A)). No hearing has yet been scheduled on that petition.

Defendant, Abbotts Dairies, a handler subject to Order No. 4, contend-

ing that the change from bracketed pricing was illegal in that there was no evidence to support the change, has since refused and failed to pay the full uniform price required by the Order to be paid for milk received from producers, and has refused and failed to pay in full its obligations to the producer-settlement fund, including its pro-rata share of administrative expense. This suit for enforcement was then instituted. Plaintiff contends that there is no genuine issue of fact for trial and seeks summary judgment in its favor. The relief sought is a permanent injunction requiring Abbotts to comply with the Act and the provisions of the Order, including payment of all obligations now due and to become due to producers and to the producer-settlement fund in accordance with the terms of the Order. In the alternative plaintiff seeks a preliminary injunction requiring Abbotts to comply fully with the Order pending any further proceedings which might be required herein. Defendant has countered with a motion for summary judgment in its favor, asserting also that there is no genuine issue of fact for trial and contending that the change in pricing was invalid.

*Discussion.*

Section 8a(6) of the Act provides:

"(6) The several district courts of the United States are vested with jurisdiction specifically to enforce, and to prevent and restrain any person from violating any order, regulation, or agreement, heretofore or hereafter made or issued pursuant to this chapter, in any proceeding now pending or hereafter brought in said courts."

7 U.S.C. § 608a(6).

It is clear that in enforcement proceedings under that section, the defendant may not raise as a defense, and the court may not inquire into, matters touching upon the merits of the order sought to be enforced. United States v. Ruzicka et al., 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290 (1946). Administrative procedures, subject to judicial review, for attacking orders on their merits have been provided in § 8c(15) of the Act, subject to the express limitation by Congress that

"The pendency of proceedings instituted pursuant to this subsection (15) shall not impede, hinder, or delay the United States or the Secretary of Agriculture from obtaining relief pursuant to section 608a(6) of this title. Any proceedings brought pursuant to section 608a(6) of this title * * * shall abate whenever a final decree has been rendered in proceedings between the same parties, and covering the same subject matter, instituted pursuant to this subsection (15)."

7 U.S.C. § 608c(15) (B).

By its motion for summary judgment, Abbotts seeks to bypass the § 8c(15) procedure for attacking the validity of the Order, but its effort must fail. United States v. Ruzicka et al., *supra;* United States v. Ideal Farms, Inc., 262 F.2d 334 (3d Cir. 1958). There is no issue of fact in this enforcement proceeding. Defendant is concededly a handler subject to Order No. 4 and has admittedly not made payments in accordance with the Order. Plaintiff is, therefore, entitled to judgment in its favor requiring defendant to comply with the Order.

Defendant Abbotts has asked, as an alternative to its motion for judgment in its favor, that if it be required to make the payments in accordance with the Order pending disposition of the § 8c(15) petition, that it be permitted to make the payments into court rather than to producers and to the producer-settlement fund. The basis for the request is that the identity of producers changes from time to time, and if it be ultimately determined that Abbotts is correct in its assertion that the change in pricing was invalid, it may be unable to recoup overpayments, or recoupment of overpayments may fall inequitably on producers who were not participants at the time the overpayments were made, and therefore did not receive the benefit of the overpayments.

■ There does appear to be authority that it is within the court's discretion to refuse to issue a preliminary injunction requiring disputed payments to be made pending disposition of the §8c(15) proceedings [United States v. Brown, 331 F.2d 362 (10th Cir. 1964)] or to require segregation of the disputed payments [United States v. Lehigh Valley Cooperative Farmers, 161 F.Supp. 885 (E.D.Pa.1957); see also Zuber et al. v. Allen et al., 396 U.S. 168, 90 S.Ct. 314, 24 L.Ed.2d 345 (1969)]. I am satisfied, however, that there is no need for segregating the payments here. Abbotts will be adequately protected if the attack on the Order is ultimately upheld. There appears to be adequate provision within the workings of the producer-settlement fund for repayments or credits for such amounts as may be determined to have been overpaid to the fund. It is true that there may be some harm to Abbotts from overpayments to producers who may not be participants at the time it has been determined that overpayments were in fact made, but this is a harm which would fall upon all handlers. To accede to Abbotts' request to segregate its payments would grant to it an unwarranted competitive advantage over the other handlers subject to Order No. 4. The purposes of the Act would more properly be served by requiring the payments to be made without segregation. United States v. Ruzicka, et al., *supra*. The request to permit payments to be made into the registry of the court is denied.

*Relief.*

It would be in order to grant a permanent injunction requiring Abbotts to comply with the Act and with Order No. 4, and to pay all sums now due and to become due, except that Abbotts has made a charge that the Secretary of Agriculture has been guilty of unwarranted delay in processing the § 8c(15) petition. I have no way of knowing, at this juncture, whether there has been any unusual delay, and if so, whether there may be justification for it. Out of an excess of caution, however, I will not issue a permanent injunction but will, instead, issue a preliminary injunction pending *administrative* disposition of the § 8c(15) petition, retaining jurisdiction for the limited purpose of determining whether equitable relief should be withheld from plaintiff at any point for unconscionable delay in the *administrative* processing of the petition.

A form of order may be submitted upon notice.