**BUSINESSMEN AFFECTED BY the SECOND YEAR ACTION PLAN (BASYAP), Appellants,**

v.

**DISTRICT OF COLUMBIA REDEVELOPMENT LAND AGENCY et al.**

No. 71–1001.

United States Court of Appeals, District of Columbia Circuit.

Argued March 12, 1971.

Decided March 25, 1971.

Mr. Nicholas A. Addams, Washington, D. C., with whom Mr. David A. Sutherland, Washington, D. C., was on the brief, for appellants.

Mr. Raymond N. Zagone, Atty., Department of Justice, with whom Messrs. Thomas A. Flannery, U. S. Atty., Nathan Dodell, Asst. U. S. Atty., and Edmund B. Clark, Atty., Department of Justice, were on the brief, for federal appellees.

Messrs. C. Francis Murphy, Acting Corporation Counsel for the District of Columbia, and Richard W. Barton and Ted D. Kuemmerling, Asst. Corporation Counsel, were on the brief for appellee District of Columbia Redevelopment Land Agency.

Mr. Kenneth L. Penegar, Washington, D. C., entered an appearance for appellee National Capitol Downtown Committee.

Before BAZELON, Chief Judge, and WRIGHT and TAMM, Circuit Judges.

PER CURIAM:

Appellants BASYAP sought to restrain appellee District of Columbia Redevelopment Land Agency from proceeding with the Downtown Portion of the Second Year Action Plan of the District of Columbia Neighborhood Development Program. On December 29, 1970, the District Court, after hearings, denied a preliminary injunction. An appeal was taken and on January 4, 1971, we stayed any and all land acquisitions by DCRLA under the challenged program. On January 12, 1971, we denied BASYAP's motion for summary reversal and continued the stay so as to preserve the *status quo* pending determination of this appeal on an expedited schedule. We noted in that order that "this matter should be expeditiously considered in the District Court on the merits of appellant's motion for a permanent injunction," and that "the expedited briefing schedule herein shall not prevent the District Court from proceeding to hear and decide the appellant's motion for a permanent injunction at the earliest possible date * * *." It appears, however, that the District Court has taken no action since our order of January 12, 1971.

The principles governing our review of the grant or denial of a preliminary injunction have often been discussed by this court. *E.g.*, Young v. Motion Pictures Ass'n of America, 112 U.S.App.D. C. 35, 299 F.2d 119, cert. denied, 370 U. S. 922, 82 S.Ct. 1565, 8 L.Ed.2d 504 (1962); Maas v. United States, 125 U. S.App.D.C. 251, 371 F.2d 348 (1966); Dorfmann v. Boozer, 134 U.S.App.D.C. 272, 414 F.2d 1168 (1969); Udall v. D.

C. Transit System, Inc., 131 U.S.App.D. C. 381, 383, 404 F.2d 1358, 1360 (1968). Applying these principles to this case and upon consideration in particular of the possible harm to the public interest from the grant of a preliminary injunction, *cf.* Yakus v. United States, 321 U. S. 414, 440–441, 64 S.Ct. 660, 88 L.Ed. 834 (1943), and the likelihood of BASYAP's success on the merits, *cf.* District 50, United Mine Workers v. International Union, United Mine Workers, 134 U. S.App.D.C. 34, 412 F.2d 165 (1969), we find no basis for disturbing the District Court's exercise of discretion in refusing the preliminary injunction. *See* Young v. Motion Picture Ass'n of America, *supra*; Liberty Lobby, Inc. v. Pearson, 129 U.S.App.D.C. 74, 77, 390 F.2d 489, 492 (1967) (Wright, J., concurring); Embassy Dairy v. Camalier, 93 U.S.App.D.C. 364, 367, 211 F.2d 41, 43 (1954).

We are troubled by the facts that, despite our stated concern for expedition, no discovery has been allowed in this case, that appellants have not been permitted to examine the officials concerned with this case or their delegates, and that this case has not been moved on toward a hearing on the merits. Should appellants be successful in this litigation, they may have been unnecessarily harmed by the delay in disposition.

Although we affirm the denial of the application for preliminary injunction and vacate our stay of January 4, 1971, the District Court is directed to proceed forthwith to the merits of this case, permit discovery as contemplated by the Federal Rules of Civil Procedure, and allow the taking of the testimony of appropriate officials or their delegates. *See* Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

*So ordered.*