**UNITED STATES of America,
Plaintiff,**

v.

**Russell MELENYZER, d/b/a Meleny-
zer's Dairy, Defendant.**

**Civ. A. No. 74-1008.**

United States District Court,
W. D. Pennsylvania.

March 5, 1975.

As Amended May 6, 1975.

David B. Atkins, Asst. U. S. Atty.,
Pittsburgh, Pa., for plaintiff.

Bigi & Melenyzer, Charleroi, Pa., for
defendant.

## MEMORANDUM OPINION

ROSENBERG, District Judge.

This action was filed by the United States against the defendant, Russell Melenyzer, d/b/a Melenyzer's Dairy pursuant to § 8a(6) of the Agricultural Adjustment Act of 1937, as amended 7 U. S.C. § 608a(6), for enforcement of the Act and Order No. 36, 7 C.F.R. 1036, issued pursuant to the Act.[1]

The plaintiff alleges that the defendant, doing business within the jurisdiction of this court, had been designated by Market Administrator, Cleo C. Taylor, to be a "handler" as defined in § 1036.9 of the Order, and so subject to its provisions. The plaintiff alleges that commencing on June 17, 1974, the defendant violated the Act and Order by failing (1) to pay on or before the sixteenth day after the end of each month his obligation to the Market Administrator for the "producer-settlement fund" violating § 1036.70 of the Order; (2) to pay on or before the sixteenth day after the end of each month a pro-rata share of the Order's administration expense, violating § 1036.85 of the Order; and (3) to pay the interest accrued on the obligation violating § 1036.78 of the Order.

The plaintiff requests injunctive relief directed to the defendant, his officers, agents, employees, successors, assigns and persons in concert with him to comply with the Act and Order by paying to the Market Administrator all obligations due and to come due in the future.

In its amended answer the defendant denies that he is a "handler" as defined in § 1036.9 of the Order and avers that he is a "producer-handler". The defendant also attacks the determination of the Market Administrator as being "unilateral, capricious and without any foundation either in law or in fact" and constitutionally violative of due process of law; and so denies any violation of the Act or the Order.

1. This relates to the orderly control of dairy products in interstate commerce.

The plaintiff here moves for summary judgment, for the reason that there is no genuine issue as to any material fact. A supportive affidavit of the Market Administrator, Cleo C. Taylor, was also filed setting forth that he is designated as the Market Administrator pursuant to the Act with power to administer the provisions of the Order regulating the handling of milk in the Eastern Ohio and Western Pennsylvania marketing area; that he is in complete charge of all records and books; that on the basis of the reports filed by the defendant, the defendant was classified as a "handler", as defined in § 1036.6 of the Order, engaged in the handling of fluid milk products within the marketing area; and that the defendant failed to fulfill the obligations outlined in the plaintiff's complaint.

The defendant also submitted an affidavit denying the plaintiff's motion for summary judgment and affirmatively states that he is a "producer-handler" as defined in § 1036.10 of the Order and as such was not required to and has not made any payments to the "producer-settlement fund".

When Congress passed the Agricultural Ajustment Act of 1937, its object was to effect an orderly approach to the distribution of certain commodities to the public in interstate commerce, protecting consumer and farmer. Kyer v. United States, 369 F.2d 714, 177 Ct.Cl. 747 (1966), cert. den. 387 U.S. 929, 87 S.Ct. 2050, 18 L.Ed.2d 990; Freeman v. Canned Dairy Products, Inc., 265 F. Supp. 95 (D.C.Pa.1966). The Act could not be effective unless, as was done in 7 U.S.C. § 608c(1), the Secretary of Agriculture was given certain powers to issue orders "applicable to processors, associations of producers, and others engaged in the handling of any agricultural commodity or product thereof specified in subsection (2) of this section." Subsection (2)(a) of 7 U.S.C. § 608c designates milk as one of these commodities.

Congress also provided that:

"The several district courts of the United States are vested with jurisdiction specifically to enforce, and to prevent and restrain any person from violating any order, regulation or agreement, heretofore or hereafter made or issued pursuant to this chapter, in any proceeding now pending or hereafter brought in said courts." (7 U.S.C. §§ 608(a) [608a] (6).

Order No. 36, as amended 7 C.F.R. § 1036, encompasses a "marketing area" which includes Eastern Ohio and Western Pennsylvania. The plaintiff avers and the defendant admits that his place of business is located in this area. But the defendant denies that he is a "handler" as defined in § 1036.9 of the Order and so defies the powers and duties of the market administrator as these are clearly vested in him by 7 C.F.R. § 1000.3.

I am not here required to decide whether or not the Market Administrator has made an arbitrary and capricious determination. The Act, itself, 7 U.S.C. § 608c(15)(A)[2] provides a complete administrative remedy to any determination made pursuant to this Order. If after final hearing and determination by the Secretary such handler is still unsatisfied he may file a bill in equity for judicial review in this court within 20 days. 7 U.S.C. § 608c (15)(B).

I cannot rule on any decision by the Market Administrator until there has been a complete exhaustion of adminis-

---

2. 608c(15)(A): "Any handler subject to an order may file a written petition with the Secretary of Agriculture, stating that any such order or any provision of any such order or any obligation imposed in connection therewith is not in accordance with law and praying for a modification thereof or to be exempted therefrom. He shall thereupon be given an opportunity for a hearing upon such petition, in accordance with regulations made by the Secretary of Agriculture, with the approval of the President. After such hearing, the Secretary shall make a ruling upon the prayer of such petition which shall be final, if in accordance with law."

trative remedies under the Act. This specific question was determined in United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290 (1946), where it was held that an attack upon a market administrator's determination could not be a valid defense to a suit to enforce an order issued by the Secretary of Agriculture but that the administrative remedy should first be sought. Mr. Justice Frankfurter, speaking for the Court, held that:

"The procedure devised by Congress explicitly gave to an aggrieved handler an appropriate opportunity for the correction of errors or abuses by the agency charged with the intricate business of milk control. In addition, if the Secretary fails to make amends called for by law the handler may challenge the legality of the Secretary's ruling in court. Handlers are thus assured opportunity to establish claims of grievances while steps for the protection of the industry as a whole may go forward. Sections 8a(6) and 8c(15) thus form a complementary procedural scheme. Contrariwise, it would make for disharmony to extrapolate from these provisions of the statute the right to consider independently, in a proceeding by the Government for the enforcement of the Secretary's order, questions for which Congress explicitly furnished the handler an expert forum for contest with ultimate review by a district court." (at page 292, 67 S.Ct. at page 209).

See also, United States v. Ideal Farms, Inc., 262 F.2d 334 (C.A.3, 1958); United States v. Country Lad Foods, Inc., 327 F.Supp. 395 (D.C.Ga.1971); United States v. Abbotts Dairies, Division of Fairmont Foods Co., 315 F.Supp. 571 (D.C.Pa.1970); Uelman v. Freeman, 267 F.Supp. 842 (D.C.Wis.1967), cert. den. 390 U.S. 1026, 88 S.Ct. 1413, 20 L.Ed.2d 283.

The same question was before Chief Judge Rabe F. Marsh of this court in United States of America v. Andrew W. Leonberg, d/b/a/ Leonberg Dairy, Civil Action No. 70–235, filed November 13, 1970:

"Since the issue defendant presents is not properly before the court, it is not a material issue of fact in this case. The only material issue of fact to be decided in an enforcement proceeding under § 8a(6) of the Act, supra, is whether the Market Administrator has determined that the defendant is subject to the Order. United States v. Farm Dairy Cooperative, Inc., 289 F.Supp. 769, 711 (N.D.W.Va.1969); United States v. Yadkin Valley Dairy Cooperative, Inc., 209 F.Supp. 634, 635 (M.D.N.C.1962), aff'd. per curiam, 315 F.2d 867 (4th Cir. 1963). The affidavit of the Market Administrator establishes that this determination has been made."

Accordingly, because there is no issue of fact before me, the plaintiff's motion for summary judgment will be allowed.