**B. W. PHOTO UTILITIES, doing business as B. W. Molded Plastics, Appellant,**

v.

**REPUBLIC MOLDING CORPORATION,**
Appellee.

No. 16680.

United States Court of Appeals
Ninth Circuit.

July 15, 1960.

Mason & Graham, Collins Mason, William R. Graham, Los Angeles, Cal., for appellant.

Lyon & Lyon, by Leonard S. Lyon, Jr., Los Angeles, Cal., for appellee; Mason, Kolehmainen, Rathburn & Wyss, M. Hudson Rathburn, Clemens Hufmann, Chicago, Ill., of counsel.

Before JERTBERG and MERRILL, Circuit Judges, and BOWEN, District Judge.

PER CURIAM.

On this appeal the principal question is whether the District Court committed reversible error in granting a preliminary injunction as requested by appellee, plaintiff below, pending trial on the merits of this case involving alleged unfair trade practice by appellant, defendant below, in the production and sale of plastic vegetable bins.

Appellant is a California corporation, appellee is an Illinois corporation, and more than $10,000 exclusive of interest and costs is involved. The District Court (28 U.S.C. §§ 1332, 1391) had and this Court (28 U.S.C. § 1292(1)) has jurisdiction.

Appellant charges that the District Court abused its discretion in granting the preliminary injunction, erred in entering the findings of fact and conclusions of law supporting the injunctive order, and in holding, contrary to federal law, that a design like that of appellee's bins has acquired or can acquire a secondary meaning or trade-mark significance. Many more errors are assigned by appellant against the District Court's rulings, but they are all subsidiary to or covered by the foregoing charges of error.

Appellee claims that in the summer of 1958, the appellee began as the first one to make and sell its presently marketed form of plastic vegetable bins, each integrally molded, with rectangular shaped bottom and sides, equipped with tubular vertical corner posts and having a large opening in the upper half of one side for access to vegetables stored in the bin, and that the bins are marketed in five colors, white, yellow, pink, turquoise and copper, the latter color not having before been used for plastic household items. In size, the larger bins are about 16 x 9 x 8½ inches, with at least one smaller size 12½ x 7½ x 7⅛ inches.

Appellee also contends that for about a year between July 1958 and July 1959 it was the *only* manufacturer and supplier of appellee's kind of plastic vegetable bins, and, for about 14 months after beginning to market its bins, has extensively advertised its own kind of bins and in many ways has made them known to the public in various parts of the nation. Appellee estimates that in the same period more than 1,200,000 of its bins have been sold, yielding about $1,350,000 in gross receipts, and represents that appellee at the time of the hearing in the District Court had pending before the U. S. Patent Office two applications for patent protection, one for the design and the other for the structure of appellee's bins.

Appellee further contends that its design is original and non-functional, and has acquired a "secondary meaning" or trade-mark character in the customer mind, and cites many letters from pro-

spective customers seeking access to supply sources convenient to them. Appellee charges that, in order to compete with appellee's product, appellant has in fact copied appellee's article, and that in reality all that appellant did to produce its competing article was to purchase one of appellee's bins, punch some diamond-shaped holes in the bottom of that one, have a mold made of it in Italy and later use that mold to produce appellant's competing article. To those charges, the record does not disclose a convincing denial by appellant.

 Upon this situation, the authorities seem to have clearly spoken. In Love v. Atchison, T. & S. F. Ry. Co., 8 Cir., 1911, 185 F. 321, 331, it was said: "But the granting or withholding of an interlocutory injunction rests in the sound judicial discretion of the court of original jurisdiction". It is not the function of a preliminary injunction to decide the case on the merits, and the possibility that the party obtaining a preliminary injunction may not win on the merits at the trial is not determinative of the propriety or validity of the trial court's granting the preliminary injunction. Burton v. Matanuska Valley Lines, 9 Cir., 1957, 244 F.2d 647, 650, 17 Alaska 298 (Lemmon, Cir. J., dissenting); Westinghouse, etc. Corp. v. Free Sewing Mach. Co., 7 Cir., 1958, 256 F.2d 806, 808 (Syl. 2, 3 and 4).

 Here the District Court had before it evidence supporting appellant's objection to the preliminary injunctive order, but that Court also had before it creditable evidence strongly supporting appellee's request for injunctive relief pending trial on the merits. We cannot say from this record that the District Court abused its discretion in granting the temporary order. With much less justification could we say that the order was clearly erroneous. Upon the whole record at the trial on the merits, the evidence may or may not convince the District Court that appellant has under controlling law unfairly and wrongfully competed with appellee in the sale of plastic vegetable bins.

That question is and doubtless at the trial will be greatly affected by the District Court's determination of whether the dominant law is federal or state law. That is all the more obvious since this is a diversity of citizenship case.

The order of the District Court granting a preliminary injunction is affirmed.