SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

PETROFUNDS, INC., et al., Defendants.

No. 76 Civ. 2368.

United States District Court,
S. D. New York.

Oct. 13, 1976.

David H. Belkin, Robert E. Grossman, Andrew L. Leventhal, Washington, D.C., William D. Moran, Regional Administrator, New York Regional Office, S.E.C., New York City, for plaintiff.

Webster & Sheffield, New York City, for defendants McRae Consolidated Oil & Gas, Inc., McRae Oil Corp., Petrofunds, Inc., James A. McRae, David L. Kelley, J. Frank Benson and Bromley DeMeritt; Harvey D. Myerson, William S. Moorhead, New York City, of counsel.

Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, for defendants Sunny South Oil & Gas, Inc. and Edward C. Dorroh; J. Joseph Bainton, New York City, of counsel.

Lankenau, Kovner & Bickford, New York City, for defendant Osias Biller; Nathaniel J. Bickford, New York City, of counsel.

Martin, Obermaier & Morvillo, New York City, for defendants Raphael, Searles, Vischi, Scher, Glover & D'Elia, Sidney O. Raphael and Edmund D'Elia.

Hargrove, Guyton, Ramey & Barlow, Shreveport, La., for defendants La. Gas

Purchasing Corp. and Louisiana Gas Intrastate, Inc.; Ray A. Barlow, Shreveport, La., of counsel.

Rosner Rosner & McEvoy, New York City, for defendants Thomas Leger & Co. and Thomas Leger; Andrew T. McEvoy, Jr., New York City, of counsel.

Fox Glynn & Melamed, New York City, for defendant Bennett J. Roberts, Jr.; John R. Horan, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The Securities and Exchange Commission ("SEC") commenced this action against twenty-one individual and corporate defendants, charging them with various violations of the anti-fraud, registration and reporting provisions of the federal securities laws. The charges center about an alleged scheme to defraud investors in oil and gas drilling properties managed by defendant Petrofunds, Inc.[1] The complaint seeks permanent injunctive relief enjoining the defendants from future violations of the securities laws, the appointment of a receiver for Petrofunds, Inc. and other corporate defendants, including one that supplies gas to municipalities and public utilities, an accounting for funds allegedly improperly obtained by defendants through various manipulative transactions, and disgorgement of such funds to investors. The present motion by the SEC to strike the defendants' demand for a jury trial presents the question—apparently of first impression—whether defendants in an SEC enforcement action are entitled under the Seventh Amendment to a jury trial when part of the relief requested is an accounting for, and concomitant disgorgement of, illegal profits.

■ A given claim entitles a litigant to a jury trial only if it "involves rights and remedies of the sort traditionally enforced in an action at law, rather than in an action in equity or admiralty."[2] It is not necessary that the claim have existed as a recognized legal form of action in 1791, when the Seventh Amendment was adopted; rather, it is enough that the claim asserted and the relief sought can be analogized to those encompassed by such a traditional legal action.[3] Once the legal nature of such a claim is established, however, the parties are entitled to a jury trial on all factual issues presented by it, despite the fact that the great majority of the claims advanced may be indisputably equitable in nature.[4]

■ The defendants argue that the accounting and disgorgement of profits requested by the SEC are analogous to the relief a private litigant might seek under the securities laws and to relief available in the traditional common law actions for conversion or for money had and received. Because the right to a jury trial attends these actions, the defendants assert that they, too, are entitled thereto. On the other hand, the SEC contends that disgorgement of profits is an ancillary equitable remedy necessary to effectuate enforcement of the securities laws.

Crucial to the defendants' position is their assertion that, "with respect to the non-injunctive relief, the SEC can stand in no greater stead [sic] than would [an] individual investor." They contend, somewhat inconsistently with their claim for a jury trial, that the Exchange Act itself does not expressly authorize the SEC to seek other

1. A more complete account of the SEC charges is contained in this Court's prior decision denying the SEC's motion for a preliminary injunction and the appointment of a temporary receiver. *See SEC v. Petrofunds, Inc.*, 414 F.Supp. 1191 (S.D.N.Y.1976).

2. *Pernell v. Southall Realty*, 416 U.S. 363, 375, 94 S.Ct. 1723, 1729, 40 L.Ed.2d 198 (1974); *see Curtis v. Loether*, 415 U.S. 189, 195, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).

3. *See* cases cited in note 2, *supra*.

4. *Ross v. Bernhard*, 396 U.S. 531, 538–43, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 470–73, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *see Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–11, 79 S.Ct. 948, 3 L.Ed.2d 988 (1958).

than injunctive relief[5] and that any SEC claim for monetary payments must thus be considered equivalent to a private party's claim for damages.

This argument, however, ignores the critical distinction between actions brought by the SEC and actions brought by private litigants. Regardless of the fact that the defendants may be required to disgorge profits, the SEC in no way stands in the shoes of a private litigant with respect to its claims for ancillary relief. Indeed, the entire purpose and thrust of an SEC enforcement action is expeditiously to safeguard the public interest by enjoining recurrent or continued violations of the securities acts.[6] The claims for relief asserted in such an action stem from, and are colored by, the intense public interest in SEC enforcement of these laws. As this Court has previously stated:

> [An enforcement action is] commenced by the SEC as a law enforcement agency in the public interest and to enforce the securities laws. The injunction against future violations, while of some deterrent force, is only a partial remedy since it does not correct the consequences of past conduct. To permit the [retention] of . . . a portion of the illicit profits . . . would impair the full impact of the deterrent force that is essential if adequate enforcement of the securities

acts is to be achieved. One requirement of such enforcement is a basic policy that those who have engaged in proscribed conduct surrender all profits flowing therefrom.[7]

In sum, the relief sought by the SEC in this action cannot fairly be analogized to any form of relief available at common law in 1791 or today. Rather, it springs out of the policy of public enforcement of the provisions of the securities laws and exists as an exercise of the equity powers of the federal courts.[8] Accordingly, the SEC's motion to strike the defendants' demand for a jury trial is granted.[9]

---

5. See 15 U.S.C. § 78u(d)–(e).

6. See In re National Student Marketing Litigation, 368 F.Supp. 1311, 1319 (Jud.Pan.Mult.Lit. 1973) (dissenting opinion). Indeed, Congress has recently passed legislation significantly increasing the SEC's powers to regulate in the public interest, see Securities Act Amendments of 1975, Pub.L.No.94–29, 89 Stat. 97 (codified in scattered sections of 15 U.S.C.A. (Supp. 1976)), and in doing so repeatedly emphasized the special status of the SEC as a protector of the public interest. S.Rep.No.75, 94th Cong., 1st Sess. 1 passim (1975); H.R.Conf.Rep.No. 229, 94th Cong., 1st Sess. 1 passim (1975).

7. SEC v. Golconda Mining Co., 327 F.Supp. 257, 259–60 (S.D.N.Y.1974); see SEC v. Shapiro, 494 F.2d 1301 (2d Cir. 1974); SEC v. Manor Nursing Centers, Inc., 458 F.2d 1082, 1104 (2d Cir. 1972) ("the provision [of the judgment] requiring the disgorging of proceeds . . . was a proper exercise of the district court's

equity powers"); SEC v. Texas Gulf Sulphur Co., 312 F.Supp. 77, 92 (S.D.N.Y.1970), aff'd in part, 446 F.2d 1301 (2d Cir.), cert. denied, 404 U.S. 1005, 92 S.Ct. 561, 30 L.Ed.2d 558 (1971).

8. See cases cited in note 7, supra; cf. Wirtz v. Jones, 340 F.2d 901, 903–04 (5th Cir. 1965) (no jury trial when Secretary of Labor seeks past due minimum wages under the Fair Labor Standards Act).

9. The Court is of the opinion that the disposition of this motion "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292. The defendants may therefore apply to the Court of Appeals for permission to take an immediate appeal from the present order.