SECURITIES & EXCHANGE
COMMISSION, Plaintiff,

v.

ASSOCIATED MINERALS, INC., Walter
H. Allen, Charles R. Allen, Defendants.

Civ. A. No. 7-70986.

United States District Court,
E. D. Michigan, S. D.

July 11, 1977.

Robert C. Rosen, Washington Regional Office, Arlington, Va., Mark A. Loush, Detroit, Mich., for Securities and Exchange Commission.

Walter H. Allen, Charles R. Allen, Principal Officers of Associated Minerals, Inc., for defendants.

OPINION

FEIKENS, District Judge.

The Securities and Exchange Commission (SEC) has brought this action against Associated Minerals, Incorporated (AMI) and its two principal officers, Charles R. Allen and Walter H. Allen, for alleged violations of the Securities Act of 1933, the Securities Exchange Act of 1934, and various regula-

tions of the Commission promulgated thereunder. 15 U.S.C. §§ 77t(b), 78u(d). The Commission alleges in its complaint that, beginning in 1975, defendants participated in a fraudulent scheme and course of conduct whereby approximately $640,000 was obtained from individual public investors through the promotion and sale of fractional undivided interests in certain West Virginia oil and gas wells. These undivided interests are alleged to have been sold without prior Commission registration, as required by the securities laws, and the proceeds of their sale are alleged to have been diverted by the individual defendants to their own personal use. The complaint prays for injunctive relief, both preliminary and permanent, an accounting of all investor funds and all AMI oil and gas proceeds, and disgorgement of all monies illegally received by defendants from investors.

Presently before the Court is defendants' request for a jury trial, filed on June 3, 1977, and plaintiff's responsive motion, filed June 14, 1977, to strike the request. Both parties have submitted written briefs on the issue of whether a right to a jury trial exists in this action. Having considered these, the Court, at a pretrial conference held on June 29, 1977, informed all parties that plaintiff's motion would be granted. This opinion supplements and explains that ruling.

The right to a jury trial in federal court is governed by Federal Rule of Civil Procedure 38, which provides in pertinent part:

(a) The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

None of the statutes which plaintiff is here attempting to enforce provide for trial by jury. Thus, any right to a jury trial in this action can only arise under the Seventh Amendment.

The constitutional guarantee of a trial by jury was construed in *National Labor Relations Board v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1936), to apply only to actions in the nature of suits at common law, and not to actions specially created by statute or to actions essentially equitable in nature. Under this construction of the Seventh Amendment, the Supreme Court ruled that no right to a jury trial existed in an action brought by the NLRB for alleged violations of the National Labor Relations Act. In subsequent decisions, the Supreme Court has evolved a somewhat more sophisticated test for interpreting the constitutional right to a trial by jury. In *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1969), the Court looked to "the nature of the issue to be tried rather than the character of the overall action" in determining whether the right to a jury trial is implicated. The Court went on to state that where the issue to be tried is essentially "legal" as opposed to equitable in nature, the constitutional right to a jury trial is preserved. In determining whether an issue is a "legal" one for purposes of this test, the Court set forth three criteria:

As our cases indicate, the "legal" nature of an issue is determined by considering, first, the pre-merger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries.

*Ross v. Bernhard, supra* at 538, ftn. 10, 90 S.Ct. at 738. This approach has been followed in subsequent decisions of the Supreme Court, *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1973); *Pernell v. Southall Realty*, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974), and in a consistent line of cases in this Circuit. *Farmers-Peoples Bank v. United States*, 477 F.2d 752 (6th Cir. 1973); *Hyde Properties v. McCoy*, 507 F.2d 301 (6th Cir. 1974); *EEOC v. Detroit Edison*, 515 F.2d 301 (6th Cir. 1975); *Morelock v. NCR Corp.*, 546 F.2d 682

(6th Cir. 1976); see also *Rowan v. Howard Sober, Inc.*, 384 F.Supp. 1121 (E.D.Mich. 1974, Keith, J.).

■ Applying these criteria to the present action, the Court finds that the issues framed by the Commission's complaint are primarily issues of fraud and defalcation under the securities laws. Such claims, made in the context of an administrative enforcement proceeding, have traditionally been viewed by the courts as matters of equity. *SEC v. Petrofunds, Inc.*, 420 F.Supp. 958 (S.D.N.Y. 1976).

■ The equitable nature of the Commission's claims must also be viewed in light of the remedies sought by the Commission in its complaint. As the United States Court of Appeals stated in *Hyde Properties v. McCoy, supra* at 305:

Questions involving fraud cannot be classified from custom as solely legal or equitable and, as a result, the nature of the remedy sought becomes considerably more important in resolving the right to a jury trial.

The Commission's prayer for injunctive relief is clearly equitable, as is the Commission's ancillary request for an accounting. *SEC v. Coffey*, 493 F.2d 1304, 1310 (6th Cir. 1974); *SEC v. Koenig*, 469 F.2d 198 (2d Cir. 1972); *SEC v. Keller Corp.*, 323 F.2d 397 (7th Cir. 1963). The Commission's prayer for disgorgement of investor funds seeks a form of restitution which has historically been allowed only in equity. *Dunlop v. Darboian Enterprises, Inc.*, 410 F.Supp. 479 (E.D.Mich. 1975, Pratt, J.) (no right to a jury trial in suit for disgorgement of employee wages wrongfully withheld under the Fair Labor Standards Act). Thus, in *Arber v. Essex Wire Corp.*, 490 F.2d 414 (6th Cir. 1974), the United States Court of Appeals for the Sixth Circuit found no constitutional right to a jury trial in a combined state and federal securities action seeking rescission of an allegedly fraudulent stock sale or, alternatively, the return of all profits and dividends realized therefrom. The Court, in finding no right to a jury trial, ruled that both rescission and recoupment in this context were equitable remedies, even though the recovery of monies may have been involved:

It is evident that appellants' alternative claim did not request a traditional measure of damages at law, which would be the difference between what was received by appellants and the fair market of the shares of stock at the time of the sale. *E.g., Ross v. Licht,* 263 F.Supp. 395 (S.D.N.Y. 1967). *But cf. Myzel v. Fields, supra,* 386 F.2d [718] at 740–742. Instead, appellants requested the monetary equivalent of rescission, equal to the difference between the sale price and the current market value of the stock. This request, as well as the request for the monetary equivalent of dividends and distributions on the stock, is of an equitable nature.

*Arber v. Essex Wire Corp., supra* at 422. Under this authority, the Commission's request for disgorgement must likewise be construed as equitable in nature.

Finally, to the extent that a jury's ability to properly decide an action may be relevant to determining whether the constitutional right to a jury is involved, the Court believes that the issues of fraud and noncompliance with the registration provisions of the securities laws presented in this action are indeed complex and for this reason are not especially suited for resolution by a jury. *Hyde Properties v. McCoy, supra* at 306.

For these reasons, the Court holds that no statutory or constitutional right to a jury trial exists in this case, and plaintiff's motion to strike defendants' demand for a jury trial is therefore granted. An appropriate order may be submitted.