## SECURITIES AND EXCHANGE COMMISSION

### v.

## ASSET MANAGEMENT CORPORATION et al.

### No. IP 78–34–C.

United States District Court, S. D. Indiana, Indianapolis Division.

Sept. 11, 1978.

---

William M. Hegan, Ronald P. Kane, Joyce Glynn Lynch, Securities & Exchange Commission, Chicago, Ill., for plaintiff.

Chester Lovett, Lovett & Cooper, Charleston, W. Va., Philip S. Kappes, Dutton, Kappes & Overman, Indianapolis, Ind., for defendants Pocahontas Coal Processors, Inc. and Edward E. Holschuh.

James W. Treacy, Treacy & Cohen, Indianapolis, Ind., for defendant Richard D. Hodgin.

Paul A. Weick, Cuyahoga Falls, Ohio, for defendants Dominick E. Bartone and Pocahontas Coal Reserves of W. Va., Inc.

Robert Jackson, Kohrman, Jackson & Weiss, Cleveland, Ohio, David H. Kleiman, Dann, Pecar, Newman, Talesnick & Kleiman, Indianapolis, Ind., for defendants Shirley Dixon and Harold Franklin.

Thomas A. Withrow, Robert T. Wildman, Henderson, Daily & Foxworthy, Indianapolis, Ind., for defendants Asset Management Corp., Asset Development Co., Inc., Asset Securities, Inc., Buddy C. Stanley and David L. Kimball.

## ORDER

STECKLER, Chief Judge.

This matter is before the Court on the motion for a jury trial filed by defendants Asset Management Corporation, Asset Securities, Inc., Asset Development Company, Inc., David L. Kimball, and Buddy C. Stanley. Fed.R.Civ.P. 38.

In this action plaintiff, Securities and Exchange Commission, is seeking a preliminary injunction, an accounting, and a disgorgement of profits. Basically defendants claim that the issues are essentially legal in nature and so they have a seventh amendment right to a jury trial.

The initial question is whether any of the statutes plaintiff is attempting to enforce provides for a jury trial. It is, of course, a cardinal principle that the Court will first ascertain whether a construction of the statute is fairly possible by which the constitutional question may be avoided. *Lorillard v. Pons*, 434 U.S. 575, 577, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). However, in this case none of the relevant statutes afford a right to a jury trial. *S. E. C. v. Associated Minerals, Inc.*, 75 F.R.D. 724, 725 (E.D.Mich. 1977). Thus, any right to a jury trial can only arise under the seventh amendment.

The seventh amendment requires trial by jury in suits at common law and also in actions unheard of at common law provided the action involves rights and remedies of the sort traditionally enforced in an action at law rather than in an action in equity. *Pernell v. Southall Realty*, 416 U.S. 363, 375, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974).

It had generally been thought that a suit for an injunction, whether by the Government or a private party, was the antithesis of a suit "at common law" in which the seventh amendment requires a jury trial. *S. E. C. v. Commonwealth Chemical Securities, Inc.*, 574 F.2d 90, 95 (2d Cir. 1978). It has been clear, however, since *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 2065 (1962) that the Court must analyze the nature of the claim for a money judgment and if that claim was triable to a jury, it must still be so tried although it was asserted in a suit where the basic relief sought was equitable. C. Wright, Federal Courts § 92, at 453 (3d ed. 1976). There is a claim for a money judgment here since plaintiff asks for the relief of disgorgement.

Not all money claims are triable to a jury. A historic equitable remedy was the grant of restitution. *See* 5 Moore's Federal Practice ¶ 38.24[2], at 190.5 (1977). Disgorgement of profits in an action brought by the S.E.C. to enjoin violations of the securities laws appears to fit this description; the Court is not awarding dam-

ages to which plaintiff is legally entitled but is exercising the chancellor's discretion to prevent unjust enrichment. *S. E. C. v. Commonwealth Chemical Securities, Inc.,* 574 F.2d 90, 95, 96 (2d Cir. 1978); *S. E. C. v. Associated Minerals, Inc.,* 75 F.R.D. 724, 726 (E.D.Mich.1977). *Cf. Albemarle Paper Co. v. Moody,* 422 U.S. 405, 416–18, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) (the power to order backpay under Title VII is "equitable"). Defendants contend that had this action been brought by a private investor seeking rescission the defendants would have been entitled to a jury trial. They further argue that the result should not be different merely because the S.E.C. is the plaintiff. This argument must be rejected because there are critical distinctions between actions brought by the S.E.C. and private actions. While from the standpoint of a defendant there may be no great difference between paying money in response to a private suit for damages and in a S.E.C. action for injunction and disgorgement, the suit by the S.E.C. is more analogous to the traditional equity jurisdiction to award restitution. *Commonwealth Chemical* at 96. The entire purpose and thrust of a S.E.C. enforcement action is to expeditiously safeguard the public interest by enjoining securities violations. The claims asserted in such an action stem from, and are colored by, the intense public interest in S.E.C. enforcement of these laws. *S. E. C. v. Petrofunds, Inc.,* 420 F.Supp. 958, 960 (S.D.N.Y.1976).

■ Further, the Commission's request for an accounting is also clearly equitable. *S. E. C. v. Associated Minerals, Inc.,* 75 F.R.D. 724, 726 (E.D.Mich.1977).

■ Defendants also argue that a right to jury trial is implied from the Second Circuit decision in *Shore v. Parklane Hosiery Co.,* 565 F.2d 815 (2d Cir. 1977), where it was held that a decree entered in a S.E.C. action would act as a collateral estoppel on issues of fact and law determined in that action in any subsequent private damage actions that might follow. The Second Circuit itself rejected defendant's claim in *S. E. C. v. Commonwealth Chemical Securities, Inc.,* 574 F.2d 90 (2d Cir. 1978). It noted that it has never been thought that because

an injunction might have that type of effect that a defendant is entitled to a jury trial in a suit for an injunction. *Id.* at 97. Neither *Beacon Theatres v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), nor its subsequent extension in *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 2065 (1962), implies that potential collateral estoppel effects in some other actions entitle a party to a jury trial where the claim in this suit is outside the protection of the seventh amendment. *Commonwealth Chemical* at 97.

By reason of the foregoing, the Court concludes that defendants' motion for a jury trial is DENIED.

IT IS SO ORDERED.