PRELIMINARY FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF’S MOTION FOR PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF
 

 HAUK, Chief Judge.
 

 I. FINDINGS OF FACT
 

 The Court makes the following preliminary findings of fact:
 

 A. JURISDICTION AND VENUE
 

 1. This Court has jurisdiction of this action pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa],
 

 2. Many of the acts, practices, courses of business and transactions described herein have occurred within the Central District of California.
 

 B. DEFENDANTS
 

 3. American Real Estate Investment Trust (“AREIT”) is a California business trust with its principal offices located at 2124 Union Street, San Francisco, California. Effective November 30, 1981 AREIT registered its shares of beneficial interest with the Commission pursuant to Section 12(g) of the Exchange Act [15 U.S.C. § 787 (g) ]. AREIT has at least 146 public shareholders.
 

 3a. Gary L. Jackson (“Jackson”) is a certified public accountant with offices at 435 Los Palmos Drive, San Francisco, California.
 

 II. FACTS UNDERLYING VIOLATIONS OF SECTION 12(g) OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 12b-20 THEREUNDER
 

 4. On or about October 1, 1981 AREIT filed with the Commission a registration statement on Form 10 seeking to register 4,732,747 shares of beneficial interest pursuant to Section 12(g) of the Exchange Act [15 U.S.C. § 787(g)]. AREIT’s registration statement became effective by lapse of time on November 30, 1981. That registration statement fails to comply with Section 12(g) of the Exchange Act [15 U.S.C. § 787 (g)] in that it contains materially false statements, omits information required to be stated therein and fails to contain, in addition to the information expressly required to be included, such further information as is necessary to make the required statements, in light of the circumstances under which they are made, not misleading.
 

 5. Included in AREIT’s Form 10 registration statement are financial statements for the two month period ended June 30,
 
 *1296
 
 1981. Those financial statements were not prepared in accordance with generally accepted accounting principles and do not fairly present AREIT’s financial condition.
 

 6. In its financial statements as of June 30,1981, AREIT reports total assets of $73,-326,659, of which $59,411,784 is attributed to certain gold and other mining claims.
 

 7. Between May 1, 1981 and June 1, 1981 AREIT purportedly acquired certain unpatented gold and other mining claims from Gold Depository & Loan Company, Inc. (“GD&L”), a company controlled by A. V. Laurins, AREIT’s president and a trustee of AREIT, and Sandy Sandfort, also a trustee of AREIT and AREIT’s vice-president and secretary. GD&L occupies the same offices as does AREIT.
 

 8. GD&L purportedly acquired its rights to the unpatented mining claims by making certain filings on abandoned claims pursuant to federal law. GD&L’s acquisition costs were negligible.
 

 9. AREIT thereafter acquired the claims from GD&L in exchange for promissory notes with a face value of $59,411,670 which were convertible by GD&L into 3,960,784 AREIT shares valued by AREIT at $15 per share.
 

 10. There was not then or now a trading market for AREIT shares. Moreover, at the same time AREIT issued shares to GD&L for $15 it was issuing shares to other insiders at $3.81 per share.
 

 11. AREIT acquired the unpatented claims from an affiliate in a non-arm’s length transaction.
 

 12. The consideration passing from AREIT to GD&L had no objectively determinable value.
 

 13. AREIT did not perform any significant geological testing or exploration of its claims to adequately support a valuation of the properties.
 

 14. Pursuant to generally accepted accounting principles, under the circumstances described above, AREIT should have valued its mining claims at GD&L’s cost, which was negligible.
 

 15. Instead, AREIT valued the assets on its balance sheet at $59,411,670.
 

 16. Accordingly AREIT’s financial statements overstated the company’s total assets by a material amount and did not fairly present AREIT’s financial position in conformity with generally accepted accounting principles.
 

 17. A significant number of the unpatented mining claims purportedly acquired by AREIT from GD&L were claims GD&L asserts were once held by Phelps Dodge Corporation (“Phelps Dodge”).
 

 18. GD&L claims Phelps Dodge lost rights to those claims by neglecting to make certain filings required by law.
 

 19. Phelps Dodge has informed AREIT that it believes that the claims still belong to Phelps Dodge and contests AREIT’s claims to ownership.
 

 20. AREIT did not disclose in its Form 10, as it was required to do, the controversy between it and Phelps Dodge regarding a material portion of AREIT’s assets.
 

 21. Further, AREIT’s financial statements, included in its Form 10, should have disclosed the controversy between AREIT and Phelps Dodge.
 

 22. AREIT’s financial statements included in its Form 10 as assets $9,533,112 of loan receivables resulting from what AREIT calls a relending operation.
 

 23. AREIT states in its Form 10 that it has obtained from Co-op Investment Bank Limited, (“Co-Op”) an entity controlled by Laurins and located in Saint Vincent, West Indies, a $100 million line of credit which AREIT can use to lend to others.
 

 24. The agreement establishing the $100 million line of credit states that AREIT may use the funds of the line of credit “only for the making of loans to third parties where the proceeds of such loans are paid into a savings account at Co-op on terms specified by Co-op.” The agreement further provides that the third party borrower can have access to the funds only with the express consent of Co-op. Thus the third party “borrower” and AREIT have no control over the “borrowed” funds.
 

 
 *1297
 
 25. As of June 30, 1981 AREIT reports that it has made loans from the line of credit to third parties in amounts from $25,-000 to $7,000,000 giving rise to the loan receivable, referred to above, claimed by AREIT as an asset.
 

 26. AREIT recorded the loan receivables as an asset.
 

 27. The relending operation is merely a paper transaction between related parties.
 

 28. No funds actually move from Co-op to AREIT or from AREIT to third party borrowers.
 

 29. Moreover the purported third party borrower has no access to or control of the funds.
 

 30. In such circumstances, generally accepted accounting principles do not permit AREIT to claim the loan receivables as an asset.
 

 31. The financial statements of AREIT included in the Form 10 filed with the Commission were certified by defendant Jackson.
 

 32. Also included in the Form 10 was an August 26, 1981 accountant’s opinion letter signed by defendant Jackson which falsely states that Jackson’s audit was made in accordance with generally accepted auditing standards and that the financial statements present fairly the financial position of AREIT and are in conformity with generally accepted accounting principles.
 

 33. AREIT did not have sufficient basis to support the valuation of its mining claims.
 

 34. A geologist employed by GD&L wrote Jackson a letter dated July 27, 1981 stating, among other things, that “we have yet to find the time to do a detailed evaluation of each mine now being held.”
 

 35. Another geologist stated in another letter dated July 27, 1981, which letter was in defendant Jackson’s files, that AREIT’s claim “could possibly” be worth as much as $59 million but that the geologist so opined “without any knowledge or review of any information concerning the value of these claims and it is recognized that no actual worth of any property can be assessed without adequate and proper examination or investigation.”
 

 36. AREIT’s management stated to Jackson in a letter dated August 5, 1981 that the values of mining claims currently held are extremely difficult to ascertain “but we are now working on a determination of those values.”
 

 37. Generally Accepted Accounting Principles do not permit AREIT to record as assets the loan receivables discussed above.
 

 38. Defendant Jackson issued an unqualified opinion on the financial statement including such receivables as assets.
 

 39. In its Form 10 registration statement AREIT describes its business and its properties.
 

 40. In so doing, AREIT describes its re-lending operation and its mining claims. The description of those matters is false and misleading and omits further information necessary to make the required statements, in the light of the circumstances under which they were made, not misleading, in that, among other things, AREIT does not truly and accurately state the nature of the relending operation and fails to state that its mining claims had no determinable value.
 

 40a. On or about January 4, 1982, defendant Jackson withdrew his unqualified opinion referred to in paragraph 38 above, stating in a letter that the “June 30, 1981 financial statements of AREIT and any related auditor’s report of August 26, 1981 cannot be relied upon.”
 

 IV. FACTS UNDERLYING VIOLATIONS OF SECTION 14(a) OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULES THEREUNDER
 

 41. On or about October 1, 1981 and December 1, 1981, defendant AREIT, through the use of the mails or the means and instrumentalities of interstate commerce, disseminated to the shareholders of California Real Estate Trust (“CRET”), a company whose shares of beneficial interest
 
 *1298
 
 are registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78/|, certain letters and other materials which constituted solicitations of proxies within the meaning of Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-l(f)(iii) thereunder [17 C.F.R. 240.14a-l(f)(iii)].
 

 42. Those letters and other materials, which were reasonably calculated to result in the procurement, withholding or revocation of a proxy and which were designed to induce CRET’s shareholders to vote for AREIT nominated persons to CRET’s board of trustees, contained statements which, at the time and in light of the circumstances under which they were made, were false and misleading with respect to material facts, and said materials omitted to state material facts necessary in order to make the statements contained herein not misleading, all in violation of Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 thereunder [17 C.F.R. 240.-14a-9],
 

 43. On or about October 1, 1981 AREIT sent CRET shareholders proxy solicitation material which, among other things, purported to describe AREIT and its financial condition.
 

 44. Also included in the solicitation material was an Annual Report of AREIT for 1981 containing the same financial statements included in AREIT’s Form 10 registration statement described above.
 

 45. The proxy solicitation material sent to CRET shareholders contained, among other things, the following statements:
 

 “From late 1979 until the present, AREIT has grown from a nearly worthless derelict to an international company involved in world-wide financing and hundreds of gold mining properties. The net worth of AREIT is now in excess of $60,000,000. The present trustees are striving to continue this enviable record of growth and profit. Because good management is so important to business success, the following biographical data are included to show you who the trustees are behind AREIT’s success.”
 

 The materials continued to list the then trustees of AREIT. Those same persons were later nominated by AREIT to become the trustees of CRET, as set forth below.
 

 46. The statements in AREIT’s proxy solicitation material set forth above were materially false and misleading in that, among other things:
 

 a. As described above AREIT did not have any reasonable basis to value its gold mining claims at $59,411,670 and, accordingly, the net worth of AREIT was far below $60,000,000 instead of “in excess” of $60,-000,000.
 

 b. AREIT’s actual record of growth from late 1979 until the time of the proxy solicitation was minimal. As described above AREIT’s gold mining properties do not have a determinable value as of June 30, 1981, and AREIT’s “worldwide financing” operation has engaged in paper transactions with no economic substance.
 

 47. AREIT’s Annual Report, included as part of the October 1, 1981, proxy solicitation, as described above, was also materially misleading and omitted to state material facts required to be stated therein. Among the materially false and misleading statements made in the Annual Report were the statements made by A. V. Laurins, president of AREIT, in his letter to shareholders describing AREIT’s mining claims and re-lending operation. Laurins did not disclose in his letter, as described above, the true nature of the relending operations and that AREIT’s $59 million valuation of “gold, silver, copper and other mining claims” did not have a reasonable basis.
 

 48. AREIT’s Annual Report also contained the same financial statements included in AREIT’s Form 10 registration statement which financial statements were materially false and misleading and failed to present AREIT’s financial condition as described above.
 

 49. On or about December 1, 1981 defendant AREIT mailed a proxy statement and form of proxy to CRET shareholders, soliciting proxies from CRET shareholders for the stated purpose of (a) calling a spe
 
 *1299
 
 cial CRET shareholders’ meeting on January 18, 1982; (b) electing AREIT’s trustees to the Board of Trustees of CRET; (c) settling lawsuits between CRET and AREIT; and (d) reorganizing CRET as a business trust.
 

 50. AREIT did not correct materially false and misleading statements made in its prior solicitations described above in that proxy statement.
 

 51. By reason of the foregoing, defendant AREIT has violated, is violating and unless restrained and enjoined, will continue to violate Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 thereunder [17 C.F.R. 240.14a-9].
 

 52. In sending CRET shareholders proxy solicitation materials on or about October 1, 1981, AREIT did not furnish CRET shareholders with a written proxy statement containing the information specified in Schedule 14A as required by Proxy Rule 14a-3 [17 C.F.R. 240.14a-3].
 

 53. Prior to sending CRET shareholders proxy solicitation materials on or about October 1, 1981, AREIT did not file with the plaintiff Commission preliminary or definitive copies of such materials as required by Proxy Rule 14a-6 [17 C.F.R. 240.14a-6].
 

 54. Prior to sending CRET shareholders the proxy solicitation materials on or about October 1, 1981, AREIT did not file a Schedule 14B with the plaintiff Commission or otherwise comply with the requirements of Proxy Rule 14a-11 [17 C.F.R. 240.14a-11].
 

 55. By reason of the foregoing, defendant AREIT has violated, is violating and unless restrained and enjoined, will continue to violate Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rules 14a-3, 14a-6 and 14a-11 thereunder [17 C.F.R. 240.14a-3, 240.14a-6 and 240.14a-11].
 

 56. Based upon the findings of fact, the Court finds it necessary to issue an order of preliminary injunction restraining the defendant from further violations of Section 12(g) and 14(a) of the Securities and Exchange Act of 1934 and Rules 12b-20, 14a-3, 14a-6, 14a — 9 and 14a-ll promulgated thereunder [15 U.S.C. § 787(g), 78n(a), 17 C.F.R. 240.12b-20, 240.14a-3, 240.14a-6, 240.14a-9 and 240.14a-ll thereunder].
 

 57. Based upon the findings of fact, the Court finds it necessary that the defendant shall be ordered not to solicit any additional proxies until such time as AREIT provides CRET shareholders with a proxy statement correcting previously made false and misleading statements.
 

 58. Based upon the findings of fact, the Court finds it necessary to enjoin AREIT from, directly or indirectly, voting or exercising any proxy it has obtained or solicited from CRET shareholders in connection with CRET’s special meeting of shareholders scheduled for January 18, 1982.
 

 59. Based upon the findings of fact, the Court finds it necessary to order that AREIT correct all false and misleading statements in its Form 10 Registration Statement filed with the Commission and to include such further material information as may be necessary to make the required statements in light of the circumstances under which they were made not misleading.
 

 60. Based upon the findings of fact, the Court finds it necessary to order that AREIT restate the financial statements included in AREIT’s Form 10 registration statement to fairly present AREIT’s financial condition in conformity with generally accepted accounting principles consistently applied.
 

 61. Every conclusion of law in the foregoing preliminary findings of fact shall be deemed to be a conclusion of law as if set forth below as a conclusion of law.
 

 III. CONCLUSIONS OF LAW
 

 1. This Court has jurisdiction over this action pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa].
 

 2. The Commission seeks to enjoin the defendants from further violations of Section 12(g) and 14(a) of the Exchange Act [15 U.S.C. §§ 787(g) and 78n(a) ] and rules and regulations promulgated thereunder, including Rules 12b-20, 14a-3, 14a-6, 14a-9
 
 *1300
 
 and 14a-11 [17 C.F.R. 240.14a-3, 240.14a-6, 14a-9 and 14a — 11],
 

 3. Based upon the above findings of fact, the Commission has shown that defendant AREIT violated Section 12(g) of the Securities and Exchange Act of 1934 and Rule 12b-20 thereunder [15 U.S.C. § 78 7(g) and 17 C.F.R. 240.12b-20],
 

 4. Based upon the above findings of fact, the Commission has shown that the communications to CRET shareholders by defendant AREIT constituted proxy solicitations in that they are reasonably calculated to result in either the procurement or withholding of a proxy. See proxy rule 14a — 1(f) [17 C.F.R. § 240.14a-l(f)];
 
 SEC v. Okin,
 
 132 F.2d 784 (2nd Cir. 1943);
 
 Studebaker Corporation v. Gittlin,
 
 360 F.2d 692 (2nd Cir. 1966);
 
 Sargent v. Genesco, Inc.,
 
 492 F.2d 750 (5th Cir. 1974);
 
 Greater Iowa Corporation v. McLendon,
 
 378 F.2d 783 (8th Cir. 1967);
 
 Canadian Javelin Ltd. v. Brooks,
 
 462 F.Supp. 190 (S.D.N.Y.1978).
 

 5. Based upon the findings of fact, the Commission has shown that defendant AR-EIT violated Section 14(a) of the Securities Exchange Act of 1934 and Rules 14a-3, 14a-6, 14a-9 and 14a-11 thereunder [15 U.S.C. § 78n(a) and 17 C.F.R. 240.14a-3, 14a-6, 14a-9 and 14a-11].
 

 6. The omissions and misrepresentations as set forth in the findings of fact are material.
 
 TSC Industries v. Northway, Inc.,
 
 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976).
 

 7. The defendant AREIT acted knowingly and intentionally with respect to the conduct set forth in the findings of fact.
 

 8. The means and instrumentalities of interstate commerce and the mails were used in connection with the conduct described in the findings of fact.
 

 9. In order to obtain preliminary injunctive relief, the Commission must make a prima facie showing that violations have occurred and the Commission must show that there is a reasonable likelihood of future violations.
 
 SEC v. United Financial Group,
 
 474 F.2d 354 (9th Cir. 1973);
 
 SEC v. Koracorp Industries, Inc.,
 
 575 F.2d 692 (9th Cir. 1978).
 

 10. In order to obtain injunctive relief, the Commission may show that upon weighing the relative hardships, absent the issuance of an injunction, the public interest will be harmed and irreparable injury will result.
 
 Kass v. Arden-Mayfair,
 
 431 F.Supp. 1037, 1041 (C.D.Calif.1977).
 

 11. The Commission has shown, based upon the above findings of fact, that irreparable injury will result absent the issuance of a preliminary injunction.
 

 12. Unless an injunction is granted forthwith, there is a reasonable likelihood that defendant AREIT will engage in future violations of the violations as set forth in Complaint.
 

 13. In order to protect the public interest against such future violations, it is necessary that defendant AREIT be preliminarily enjoined from violations of Sections 12(g) and 14(a) of the Securities and Exchange Act of 1934 and Rules 12b-20, 14a— 3, 14a-6, 14a — 9 and 14a-11 promulgated thereunder [15 U.S.C. § 787(g), 78n(a) and 17 C.F.R. 240.12b — 20, 240.14a-3, 14a-6, 14a-9 and 14a-11].
 

 14. Upon a showing of violations of the federal securities laws, the Court has broad powers and wide discretion to fashion a remedy appropriate to protect the public interest.
 
 Mills v. Electric Auto-Lite Co.,
 
 396 U.S. 375, 391, 90 S.Ct. 616, 625, 24 L.Ed.2d 593 (1970);
 
 SEC v. Lincoln Thrift Association,
 
 577 F.2d 600, 609 (9th Cir. 1978);
 
 SEC v. United Financial Group,
 
 474 F.2d 354 (9th Cir. 1973).
 

 15. The relief granted by the accompanying order is appropriate and necessary for the protection of the public interest.
 

 16. Every finding of fact contained in the foregoing conclusions of law shall be deemed a finding of fact as if set forth as a finding of fact.
 

 PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT AMERICAN REAL ESTATE AND INVESTMENT TRUST
 

 This cause came to be heard by the Court on January 11, 1982, on the Complaint and
 
 *1301
 
 motion by the Securities and Exchange Commision (“Commission”) for a preliminary injunction and other equitable relief. The Court having noted the appearance of counsel for the plaintiff Commission and defendant American Real Estate Investment Trust (“AREIT”), having considered the documents and arguments in support of and in opposition to plaintiff’s motion, and it appearing to the Court that it has jurisdiction over the parties and the subject matter hereof, and for good cause appearing therefor, the Court being fully advised in the premises:
 

 I
 

 IT IS THEREFORE HEREBY ORDERED, ADJUDGED AND DECREED that defendants AREIT and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, and each of them, be restrained and preliminarily enjoined, directly or indirectly, singly or in concert, from:
 

 (a) voting or attempting to vote;
 

 (b) exercising or attempting to exercise;
 

 (c) claiming as valid or attempting to
 

 claim as valid; or
 

 (d) otherwise attempting to give effect to:
 

 any proxy or form of proxy which AREIT, directly or indirectly, has obtained or solicited from California Real Estate Trust (“CRET”) shareholders in connection with CRET’s special meeting of shareholders scheduled for January 18, 1982 and general meeting scheduled for March 3, 1982 which is hereby continued by stipulation of parties to Saturday, March 13, 1982 at 10 a.m.
 

 II
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant AREIT and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, and each of them, be restrained and preliminarily enjoined, directly or indirectly, singly or in concert, from soliciting proxies from CRET shareholders until such time as AREIT provides such shareholders with a proxy statement correcting all false and misleading statements it has made in connection with its solicitation of proxies from CRET shareholders.
 

 Ill
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant AREIT and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, and each of them, be restrained and preliminarily enjoined, directly or indirectly, singly or in concert, from:
 

 A. Violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a) ] and any rule promulgated thereunder, including but not limited to:
 

 (a) Rule 14a-3 [17 C.F.R. 240.14a-3];
 

 (b) Rule 14a-6 [17 C.F.R. 240.14a-6];
 

 (c) Rule 14a-9 [17 C.F.R. 240.14a-9]; and
 

 (d) Rule 14a-ll [17 C.F.R. 240.14a-ll].
 

 B. Transmitting or sending or providing any information, notice, statement, report, form, schedule, proxy statement, form of proxy, notice of meeting, letter, memorandum or other document or communication of any kind to any shareholder which is reasonably calculated to influence the vote of a shareholder with respect to any corporate action, or which is otherwise reasonably calculated to result in the procurement, withholding or revocation of a proxy, unless preliminary copies of said material are appropriately filed with the Commission at least ten days in advance of the materials being sent or transmitted or provided to said shareholders;
 

 C. Preparing, filing or disseminating any information, notice, statement, report, form, schedule, proxy statement, form of proxy, notice of meeting, letter, memorandum or other document or communication
 
 *1302
 
 of any kind to any shareholder which is reasonably calculated to influence the vote of a shareholder with respect to any corporate action, or which is otherwise reasonably calculated to result in the procurement, withholding or revocation of a proxy, which contains any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading, or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading;
 

 D. Making any solicitation in which any person solicited is not furnished with a proxy statement containing the information specified in Schedule 14A of Proxy Rule 14a-3 [17 C.F.R. 240.14a-3]; and
 

 E. Making a solicitation for the purpose of opposing a solicitation subject to Section 14(a) of the Exchange Act and Regulation 14A thereunder by any person or group of persons with respect to the election or removal of directors at any annual meeting or special meeting of security holders of any issuer unless, at least five days prior to making such a solicitation, or such shorter period as the Commission may authorize upon a showing of good cause therefor, AREIT files with the Commission and with each national securities exchange upon which any security of the issuer is listed and registered, by or on behalf of each participant in such solicitation, a statement containing the information specified by Schedule 14B.
 

 IV
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant AREIT and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it be restrained and preliminarily enjoined from filing or causing to be filed with Plaintiff Commission any registration statement on Form 10 pursuant to Section 12 of the Exchange Act or any other report required to be filed with the Commission pursuant to Sections 12 and 13 of the Exchange Act and the rules and regulations thereunder, which is materially false and misleading or which omits to state, in addition to the information expressly required to be included therein, such further information as may be necessary to make the required statements, in light of the circumstances under which they were made, not misleading.
 

 V
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant AREIT and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it (1) correct all false and misleading statements in AREIT’s Form 10 registration statement filed with Plaintiff Commission and to include in such Form 10 registration statement such further material information as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading; and, (2) restate the financial statements included in AREIT’s Form 10 registration statement to fairly present AREIT’s financial condition in conformity with generally accepted accounting principles consistently applied.
 

 VI
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Order shall remain in full force and effect until final judgment is entered in this action or until further order of the Court.
 

 VII
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over defendant AREIT upon the entry of this preliminary injunction and other equitable relief for the purpose of implementing and enforcing the terms and conditions contained herein.