**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**The AMERICAN FREE ENTERPRISE INSTITUTE, James E. Tolleson, Defendants.**

**Civ. No. 83–1903 PHX–CAM.**

United States District Court, D. Arizona.

Jan. 4, 1984.

Patricia G. Bell, Diane R. Uebel, Los Angeles, Cal., for plaintiff; Linda D. Fienberg, Douglas J. Scheidt, S.E.C., Washington, D.C., of counsel.

Phillip E. Broadbent, Phoenix, Ariz., for defendants.

MUECKE, Chief Judge.

This enforcement action was brought pursuant to Section 20(b) of the Securities Act of 1933, 15 U.S.C. § 77t(b) and Sections 21(d) and (e) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(d) and (e). In its complaint, the Commission alleged that The American Free Enterprise Institute (hereinafter TAFEI) had been and was about to engage in numerous acts and practices in violation of registration and antifraud provisions of the securities laws.

Specifically, the Commission alleged that the defendants are engaged in the business of "selling the opportunity to become successful by giving members of TAFEI the opportunity to sell memberships in the organization and/or investment contracts to others for a commission." The Commission alleged that Defendants made untrue statements of material facts regarding their financial condition, the risks involved in purchasing their interests, the use of proceeds from the sales of those interests, the amount of profit to be expected, and the past criminal and civil violations of law by Defendant Tolleson.

The Defendants' counterclaim alleged that the Commission unjustly relied on statements made by certain individual without conducting a reasonable and independent investigation and without contacting TAFEI, and that the action was thus brought arbitrarily and capriciously for the "sole purpose" of destroying TAFEI's business.

### Procedural Background

On September 29, 1983, this Court granted the Plaintiff's Application for a Temporary Restraining Order against Defendants, and upon Defendants' oral motion to vacate the TRO, the Court held hearings on September 30, October 3 and October 4, 1983, but denied the oral motion on October 5, 1983. Meanwhile, on October 4, 1983, the Court consolidated the hearings on the preliminary and permanent injunctions and set the matter for trial on October 14, 1983. On October 13, 1983, the Court heard arguments on Defendants' motion to vacate the trial date set for October 14, 1983, and concluded by ordering that Defendants file any motion to sever the hearings on or before the time when Defendants would file their Answer to Plaintiff's Amended Complaint, which was served on Defendants on October 13, 1983. Nevertheless, Defendants filed their Answer on November 2, 1983 and their Motion to Sever on November 9, 1983.

### Motion to Sever

■ Defendants argue that the Preliminary Injunction hearing and the trial in this matter should be severed, and that they should be granted a jury trial. The reason for this request is that Defendants feel they have not had sufficient time to complete all the discovery needed for a trial. On the other hand, Plaintiff claims that this Court should consolidate the hearings pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, and that Defendants have no right to a jury trial since the Commission's action is equitable in nature. Plaintiff also argues that consolidation of the hearings would promote judicial economy, particularly since the material facts in this case are not in dispute.

While Defendants claim that they were not given sufficient notice under Rule 65 of the F.R.Civ.P., it has been held that "[T]he required notice under Rule 65 is solely for the purpose of alerting the parties that the hearing is to be the final determination of the action .... [where] any lack of discovery [is] due to the [party's] own dilatory actions; it [is] not error for the court to proceed." *Galella v. Onassis*, 487 F.2d 986, 997–98 (2nd Cir.1973).

In *Galella, supra,* the plaintiff claimed essentially what Defendant is claiming in the instant action, to-wit, that the notice received was inadequate and that he was not advised of the consolidation sufficiently in advance of trial to prepare properly. All of the parties had notice since October 4, 1983, however, that it was the Court's ini-

tial intention to consolidate the hearings in this case, and Defendants still chose not to conduct any discovery from that date to the present time.

Additionally, "... no action for equitable relief brought by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission even though such other actions may involve common questions of fact, unless such consolidations is consented to by the Commission...." It would also appear that a right to a jury trial should not attach in the instant situation since the applicable statutory grant establishes an action at equity rather than one at law. *SEC v. Commonwealth Chemical Securities, Inc.*, 574 F.2d 90 (2nd Cir.1978); *SEC v. Asset Management Corp.*, 456 F.Supp. 998 (S.D.Ind. 1978).

■ The district court is only required to find that the Commission has made a *prima facie* showing that it is entitled to preliminary relief, since the ultimate outcome of an injunctive action is *not* determinative of whether a preliminary order is proper. *SEC v. American Real Estate Inv. Trust*, 529 F.Supp. 1300, 1306 (D.C. Cal.1982); *B.W. Photo Utilities v. Republic Molding Corp.*, 280 F.2d 806, 807 (9th Cir.1960). Additionally, the fact that the Defendants may be presently complying with the laws does not preclude an injunction where the existence of past misconduct may give rise to an inference that there will be future violations. *SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir.1980).

For all of the above reasons, and also in light of the fact that this Court found on October 5, 1983 that the Commission had alleged facts and supported them with sworn statements from three affiants, which gave rise to a reasonable belief that violations of the securities laws had been committed by Defendants, and those findings have not been refuted by Defendants during the three-day hearing, Defendants' Motion to Sever should be denied.

*Motion to Dismiss*

This Court's Order of December 7, 1983 called for Defendants to file any responsive memoranda to the Plaintiff's Motion to Dismiss their counterclaim no later than December 19, 1983. By the close of business on December 23, 1983, no response had been filed. Pursuant to Rule 11(h) of the Rules of Practice of the United States District Court for the District of Arizona, a failure to file a brief in opposition to any motion constitutes a consent on the part of the party failing to so file, and the motion is then subject to being granted.

■ In any event, as was mentioned above, the Commission did not consent to the filing of the counterclaim, under 15 U.S.C. § 78u(g), and therefore the counterclaim should not be consolidated with the Complaint. Furthermore, the delay which would result from the administration of the usual pretrial and trial phases of the claims brought to light in the counterclaim would threaten the effective enforcement of the securities laws to the detriment of the investing public. Section 21(g) of the Securities Exchange Act of 1934 was specifically designed to prevent this sort of delay.

■ It is clear that an agency may be sued only in the manner in which Congress has provided and that 5 U.S.C. § 702—the Administrative Procedure Act—does not waive sovereign immunity as to Defendants' claims for equitable relief where the challenged agency action is expressly committed to agency discretion by statute. *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 141, 92 S.Ct. 1456, 1466, 31 L.Ed.2d 741 (1972).

■ Finally, Plaintiff argues that the counterclaim has not been denominated as either compulsory or permissive, pursuant to Rule 13 of the F.R.Civ.P., and that the Court should exercise its discretion to dismiss it. *SEC v. Republic National Life Ins. Co.*, 383 F.Supp. 436, 438 (S.D.N.Y. 1974). The Commission's action is based on the alleged fraudulent conduct of TAFEI in connection with its offer, purchase and sale of securities to the public, while

the counterclaim concerns the actions of the Commission in the investigation of its conduct, so that the controlling legal issues and standards of proof in each action are dissimilar enough to categorize the counterclaim as permissive in nature, and subject to dismissal in the Court's discretion.

Therefore, Plaintiff's Motion to Dismiss the Counterclaim should be granted.

Accordingly,

IT IS ORDERED that Defendants' Motion to Sever Hearing on Preliminary Injunction with Trial on Merits, filed November 9, 1983, is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss the Defendants' Counterclaim, filed November 22, 1983, is granted.

IT IS FINALLY ORDERED that the hearing originally scheduled in these matters for Monday, January 9, 1984, is vacated.